### SKINNER ET AL. vs. HUGHES.

1. If a person sells intoxicating liquors to a slave without permission from his master, owner or overseer, by which he is made drunk and of which he dies, such person is liable to the owner for all the legal damage that may thence ensue.

2. Where a clerk in a store is in the habit of selling whisky to slaves, without permission from the masters, owners or overseers thereof, and his employer knows of such habit and does not stop it—it is evidence of the employer's agency in such sales and is sufficient to charge him with the consequences.

## APPEAL from Platte Circuit Court.

### STATEMENT OF THE CASE.

This was an action on the case by Mrs Hughes against Skinner, Shepherd and Baker for an injury to her slave that occasioned his death, and was tried at the March term, 1850, of the Platte circuit court.

Upon the trial, it appeared that the plaintiff was the owner of a slave, Willis, worth nine hundred dollars, and the defendants, Shepherd and Skinner, were the owners of a store in which they sold intoxicating liquors not less than a quart, and a mill, and Baker was their clerk, In January, 1849, the boy came to the mill with grain to be ground, and while there went to the store with a bottle, bought a quart of whisky, carried it to the mill and there drank it with the white hands about the mill—got drunk, started home about sun-down and was found early next morning lying on his face in the road not far from the mill speechless, his jaws locked and frozen nearly to death. He was taken to the mill immediately, received immediate medical attendance, lived 8 or 9 days and died.

The whisky was sold to the boy without any *permit* from his owner, and neither Skinner nor Shepherd were present at the time. The clerk (Baker) was in the habit of selling whisky to the slaves without the permission of the owners and Shepherd was frequently present when this was done and made no objection.

The court gave the following instructions asked by the plaintiff:

"The court instructs the jury, that if defendant, Baker, sold whisky to the negro boy, Willis, slave of the plaintiff, without the written permission of the master, owner or overseer of such slave, by which means said slave was made drunk and became frozen, whereofhe died, and was lost to plaintiff, the jury will find for plaintiff as against Baker, and if Baker so sold such whisky, by the direction, command or procurement of Shepherd or Skinner, or both, the the jury will find as against them also; but if Baker so sold it without the direction, command or procurement of Shepherd or Skinner, then in this latter event they or either of them not so having any agency in the sale, are entitled to an acquittal."

"The jury may find against all the defendants or one, or two and acquit the others, as they shall deem the evidence requires. The mere fact that Baker was clerk of Shepherd and Skinner, and sold whisky to the slave in question, does not conclusively prove that they directed, commanded or procured Baker to sell the whisky to the slave in question, but if it was the habit of Baker to sell whisky to slaves without written permission from the masters, owners or overseer thereof, and Skinner or Shepherd knew of such habit, and did not stop the same, it is proof of their agency in such sales sufficient to charge them; and if Baker was the clerk of Skinner and Shepherd and they kept whisky for sale, the presumption is that Baker was acting under their direction."

"The material question for the jury is, the fact of the sale, and consequent injury, and not the intent of Baker in making such sale, that being entirely immaterial. If Baker did not sell the whisky to the slave, the jury will find for defendants, or if the whisky so sold was not conducive in making the negro drunk, the jury will find for defendants."

The defendants asked the following instructions, all of which were refused by the court:

"1. That unless *plaintiff*, [defendants] sold whisky to the negro boy, Willis, the property of plaintiff with the intention of making him drunk or doing him some inju.y, the jury must find for defendants."

"2. If the defendants were innocent of any intention of injuring the negro, or the plaintiff, and let him have the liquor with no improper view or intention, they must find for defendants."

"3. If they believe that Baker the agent and clerk of Skinner & Shepherd, knew the bottle brought by the negro to be the one used at the mill, or believed it to be so, and that the negro had been sent from the mill to buy the whisky, and he let him have it, supposing he was sending it to white persons, at the mill and not selling it to the negro, they must find for defendants."

"4. Unless they find the whisky was sold to the negro with the intention to sell to him, the defendants are not guilty."

"5. If the jury find that the negro was drinking with white men at the mill, and they sent him with the bottle usually sent by them for whisky, and the negro got the whisky recordingly, and took it back to them, and they drank it, permitting the negro to get drunk on it, they must find for defendants, although they may believe the negro paid for it."

"6. If they believe that white men sent for the whisky by the bottle usually sent by them, and permitted the negro to get drunk, they must find for defendants."

"7. If they find that white men at the mill gave the negro the whisky and made him drunk, they must find for defendants."

"8. If they believe that the negro and white men were drinking together at the mill, and the negro got drunk there among them without the knowledge or consent of defendants, they must find for defendants, although they may have sold the whisky that made him drunk, if they did not intend to make him drunk, to give him liquor, or had no knowledge of the fact that he was so drinking."

"9. The defendant, Baker, cannot be liable in this action, if the jury find that he was acting as clerk for wages, and performed all the duties required of him and did not exceed his instructions."

"10. If the intoxication of the negro proceeded from whisky other than what Baker sold to the negro, then they will find for defendants."

The jury found a verdict for $900, for which the plaintiff had judgment, after motions for new trial and in arrest were overruled.

WILSON, for appellants.

The only point I shall make in this case is upon the refusal of the court below to give the seventh and tenth instructions asked by defendants, together with that part of the instruction given by the court of its own accord, which throws the burden of proof upon two of the defendants, Skinner & Shepherd, when in law, the burden was on the plaintiff.

LEONARD, for appellee.

1. The sale of the whisky to the plaintiff's slave was an unlawful act, not only by statute, but at common law, independent of the statute, and subjected the defendants to all the damages that resulted from that act. Rev. Stat. 1845, p. 542, sec. 7 and p. 1018, sec. 33. 10 Co. Rep. 75; 6 Bac. Abridg. title "Statute," letter K., p. 392, 393; 2 Ld. Raymond, 985; Harrison vs. Berkley, 1 Strobharts (S. Car.) Rep., 525.

2. The death of the negro, if it resulted from the freezing, and that was occasioned by drunkenness, which was produced by the whisky purchased of the defendants, is a damage for which the defendants are liable. Harrison vs. Berkley, 1 Strobharts (S. Car.) Rep., 525; Strawbridge vs. Turner, 9 Louisiana Rep., 213; Wright vs. Gray, 2 Bay (S. Caro.) Rep., 464; McDaniel vs. Emanuel, 2 Rich. (S. Caro.) Rep., 455; Duncan vs. Railroad Company, 2

Rich. (S. Caro.) Rep., 615; Lynch vs. Nurdin, 41 Eng. Com. L. Rep., 422; Illidge vs. Goodwin, 24 Eng. Com. L. Rep., 272.

3. The instruction given by the court is correct in point of law, and contains a proper direction upon the questions of law involved in the defendants' 7th and 10th instructions.

NAPTON, J., delivered the opinion of the court.

We are well satisfied with the verdict and judgment in this case; and heartily approve of the legal principles upon which they are based.

It is not always an easy task to discriminate between the remote and consequential damages resulting from an act, and those which are its natural and proximate consequences. The law refuses to take into consideration the former, but holds the agent responsible for the latter. And this general principle is applicable equally to contracts and torts, where there is an absence of all fraud, malice or oppression and there is no intention to injure.

In this case we regard the death of the slave as the natural consequence of the act of the defendants in providing him with the means of intoxication. By *natural* consequences, it is not meant that they should be such as would upon calculation of chances be likely to occur, or such as extreme prudence might anticipate; but "*such as have actually ensued* without the occurrence of any such extraordinary conjunction of circumstances, as that the usual course of nature has been departed from."

The sale of whisky to the negro was unlawful, but that does not constitute the source of responsibility. The defendants might have sold the negro a rope, with which he immediately went out and hanged himself. The distinction between such a sale and a sale of intoxicating liquors is obvious. The former, though a breach of law, was not likely to be attended with injurious consequences, without a concurrence of circumstances and co-operation of acts on the part of the slave, not to be expected in the usual course of events. The latter is like placing noxious food within the reach of domestic animals.

These are the general principles upon which the instructions given by the circuit court were based and we have barely alluded to them, without going into a more particular investigation. That has already been performed in so able and satisfactory a manner by the supreme court of South Carolina in a parallel case, (Harrison vs. Berkley, 1 Strobhart Rep., 525,) that we prefer referring to that opinion for a full discussion of the whole subject.

The plaintiffs in error, however, admitting the general principles to be as above stated and as decided in the instructions given to the jury,

insist that the seventh and tenth instructions, asked by the defendants, should have been given.   These instructions substantially asserted, that if the drunkenness, which brought about the negro's death, proceeded from whisky other than that sold by the defendants, they are not liable. The objection to such an instruction is, that there was no evidence before the jury to warrant it.   That the negro had been furnished with some intoxicating liquor before he purchased the whisky from the store, was proved, but it was clearly proved that he was entirely sober when he made the application to defendants' clerk.   Moreover as the facts stood, it would seem to be quite immaterial whether the defendants furnished the whisky at their store or at their mill, and all the whisky drank was procured at one place or the other.

The principle asserted in the instruction as to the liability of the defendants for the acts of their clerk, and as to the rule by which the jury were to determine their approbation of his conduct, was correct in law and morals.

Judgment affirmed.