by Helm. As finally accomplished, the verdict found Helm guilty of assault in the first degree by use of a dangerous instrument and set his punishment at a term of thirty years.

There is no issue here as to the content of the information or the verdict directing instruction applicable to the assault count, only the form of verdict. It is also apparent that Helm not only raised no objection to the procedure the court adopted, but advocated the necessity for taking the corrective action to cure the defect. It is doubtful that this record preserves any issue for appellate review of the method used to secure the ultimate verdict.

■ Even assuming that Helm is now entitled to question the court's action instructing the jury to return for further deliberation, there was no error in so doing. The verdict was defective and was not accepted because the punishment and the finding as to the offense were not compatible. The court is obligated to see that verdicts are in proper form and is authorized to require continued deliberation by the jury until a verdict in proper form is returned. *State v. Wood*, 355 Mo. 1008, 199 S.W.2d 396, 398 (1947); *State v. Hurley*, 602 S.W.2d 838 (Mo.App.1980).

The judgment is affirmed.

All concur.

Charles C. Shafer, Jr., Kansas City, for appellant.

Frank P. Barker, Barker, Rubin & Sonnich, Kansas City, for respondent.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

**Julie L. NESBITT, Appellant,**

v.

**WESTPORT SQUARE, LTD.,
Respondent.**

**No. WD 32257.**

Missouri Court of Appeals,
Western District.

Nov. 3, 1981.

TURNAGE, Presiding Judge.

Julie Nesbitt brought suit against Westport Square Ltd., d/b/a The Prospect, for injuries she received while riding in an automobile driven by Susan Sperry. The petition alleged Sperry was 18 years of age at the time and had been served intoxicating liquor at The Prospect in violation of § 311.310, RSMo 1978. The petition alleged the accident was the proximate result of Sperry's intoxication.

The trial court sustained a motion to dismiss for failure of the petition to state facts upon which relief could be granted. On this appeal Nesbitt contends the petition did state a cause of action under *Sampson v. W. F. Enterprises, Inc.*, 611 S.W.2d 333

(Mo.App.1980), which was decided after the petition was dismissed. Reversed and remanded.

In *Sampson* this court held that a petition which alleged that the plaintiff's son had been served intoxicating liquor at two taverns in violation of § 311.310 stated a cause of action for the death of the son resulting from his errant driving because of the intoxication. The only difference between the facts in *Sampson* and those here is that *Sampson* involved injuries to the minor who had been illegally served intoxicants, while in this case Nesbitt rests her claim on the negligence of Sperry who, as a minor, had been served intoxicants. Sampson relied on the reasoning in *Moore v. Riley*, 487 S.W.2d 555 (Mo.1972). *Moore* involved injuries inflicted by a minor on a third person. While the petition in *Moore* did not allege that the minor had been illegally served intoxicants in the tavern, this court in *Sampson* relied on the language found in *Moore* which indicated that had the petition alleged the illegal sale of liquor to the minor, a cause of action would have been stated on that ground. For the reasons fully articulated in *Sampson* the petition in this case did state facts on which relief could be granted based on the illegal sale of intoxicants to the minor Sperry.

The judgment is reversed and the cause remanded for further proceedings.

All concur.

**Shannon MOORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32504.**

Missouri Court of Appeals, Western District.

Nov. 3, 1981.

Patrick O'Brien, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City and Carl S. Yendes, Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, C. J., Presiding, and CLARK and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This is an appeal from an order and judgment of the Circuit Court of Jackson Coun-