**UNION ELECTRIC COMPANY,**
**Plaintiff-Appellant,**

v.

**CLAYTON CENTER LIMITED,**
**Defendant,**

and

**Mercantile Mortgage Company, Metropolitan Life Insurance Company, St. Louis County Bank, Patrick M. Duggan and Edgar T. Farmer, Defendants-Respondents.**

No. 44405.

Missouri Court of Appeals,
Eastern District,
Division One.

May 18, 1982.

Schlafly, Griesedieck, Ferrell & Toft, James J. Virtel, Jonathan W. Igoe, St. Louis, for plaintiff-appellant.

Edgar Farmer, Clayton, Shulamith Simon, St. Louis, for defendants-respondents.

CRANDALL, Judge.

Union Electric brought this action seeking damages against Clayton Center, Ltd. It also sought to impress a mechanic's lien on certain real estate, a declaration that the lien be given priority over the deeds of trust held on the property, and an accounting from the holders of those deeds. Union Electric had made certain improvements on real estate located in Clayton, Missouri, that had been owned by Clayton Center, Ltd. The property was subject to prior deeds of trust held by Mercantile Mortgage Company, Metropolitan Life Insurance Company and St. Louis County Bank.

On April 23, 1981, the trial court entered judgment against Clayton Center, Ltd. for $44,986 and granted summary judgment in favor of respondents Mercantile Mortgage Company, Metropolitan Life Insurance Company and St. Louis County Bank declaring, in effect, that Union Electric was not entitled to a mechanic's lien. Clayton Center did not appeal. Union Electric appeals that portion of the trial court's judgment which denied it a mechanic's lien. We reverse and remand.

The land, owned by Clayton Center, Ltd., was divided into two parts. Part "A" was subject to a deed of trust held by Edgar T. Farmer for the benefit of Metropolitan Life Insurance Company and Mercantile Mortgage Company executed on November 4, 1974. Portion "B" was subject to a deed of trust of the same date held by Patrick M. Duggan for the benefit of Mercantile Mortgage Company and St. Louis County Bank. The deeds were taken as security for money loaned for the purchase of the land and for certain site improvements thereon.

Union Electric contracted with the president of Clayton Center, Ltd. to construct electrical facilities on the real estate. Work commenced on January 19, 1976, and Union Electric was paid an initial $30,000 by Pioneer National Title Insurance, the escrow agent. Appellant ceased work on July 17, 1976, after learning that Clayton Center, Ltd. had defaulted on its loans from the mortgage holders. That default resulted in a June 25, 1976, foreclosure sale of Portion "A" to Metropolitan and Mercantile and a foreclosure sale of Portion "B" to Mercantile and County Bank on August 18, 1976.

█ In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion for summary judgment was filed and against whom judgment was rendered, and must accord to that party the benefit of every doubt. *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 26 (Mo.App.1978). Summary judgment is a drastic remedy and is therefore inappropriate unless the pre-

vailing party has shown by unassailable proof to be entitled thereto as a matter of law. Rule 74.04(h); *Seliga Shoe Stores, Inc. v. City of Maplewood*, 558 S.W.2d 328, 331 (Mo.App.1977). If a genuine issue of fact exists, summary judgment cannot be granted. A genuine issue of fact exists when there is the slightest doubt about the facts. *Williams v. Irwin-Willert Company*, 604 S.W.2d 640, 642 (Mo.App.1980). However, the fact in doubt must be a material one which has legal probative force as to a controlling issue. *Peer v. MFA Milling Company*, 578 S.W.2d 291, 292 (Mo.App. 1979).

■ In this case the effective date of the deeds of trust given on the land was prior to the effective date of the desired mechanic's lien. Therefore, the deeds of trust were superior on the land, §§ 429.050–.060,[1] absent waiver by the holders of those deeds. *Drilling Service Co. v. Baebler*, 484 S.W.2d 1, 10 (Mo.1972). Appellant is entitled to a mechanic's lien with first priority as to the improvements it made and has the right to order those improvements sold or even removed. Section 429.050. On the other hand, the respondents have priority under § 429.060 as to the land itself because their deeds of trust were perfected prior to the commencement of any work by appellant. *Kranz Construction Co. v. Centropolis Crusher, Inc.*, 630 S.W.2d 140, 147 (Mo.App. 1982). We hold that the trial court erroneously denied appellant a mechanic's lien superior to the existing deeds of trust to the extent of the improvements that it made on the property. Although appellant's lawsuit primarily seeks priority of its mechanic's lien over the holders of the deeds of trust as to the land, we cannot say, based upon the record before us, that they abandoned their rights under § 429.050.

■ We next turn our attention to appellant's claim that it is entitled to priority over the deeds as to the land. Appellant is entitled to priority over the land only if there has been waiver by respondents. Waiver of priority is a question of fact.

Mere knowledge that improvements will be made does not suffice to subordinate a mortgage lien to future mechanics' liens. *Kranz*, 630 S.W.2d at 148. However, a mortgagee, by inducing the furnishing of labor and material, may be precluded from asserting its priority of the mortgage over a mechanic's lien. *H. B. Deal Construction Co. v. Labor Discount Center, Inc.*, 418 S.W.2d 940, 952 (Mo.1967). Further, certain types of conduct by the mortgagee may be held to be an implied waiver, causing the mortgage lien to be subordinated to an otherwise inferior mechanic's lien. Where a mechanic's lien is already preferred as to the improvements on the land, such a waiver will result in the lien taking precedence on the mortgaged land as well. *Trout's Investments, Inc. v. Davis*, 482 S.W.2d 510, 516 (Mo.App.1972).

Respondents filed affidavits in support of their motions for summary judgment. Appellant filed the affidavit of V. W. Dreyer, Senior Credit Man with Union Electric Company. Considering the record before us, including the affidavits filed by the parties, and disregarding such facts in Dreyer's affidavit which would not be admissible in evidence, Rule 74.04(e), it is clear that there was no express waiver by respondents. The inquiry thus focuses on whether there was an implied waiver. Waiver in this case is a material fact, the slightest doubt as to which renders summary judgment inappropriate. *Williams v. Irwin-Willert Company*, 604 S.W.2d 640, 642 (Mo.App. 1980). In paragraph seven of Dreyer's affidavit, he states:

"But for the initial financing of the project provided by the lenders, Union Electric Company would not have commenced to relocate old electrical lines and to install new permanent underground electrical facilities for the project."

■ In this case it could be found that respondents had knowledge of the work performed by appellant and acquiesced in it. Thirty thousand dollars was paid out of an escrow account to appellant. This escrow account was presumably established

1. All statutory references are to RSMo 1978.

by respondents for the payment to contractors for work performed on the proposed construction project. Whether this $30,000 was a partial payment on one construction contract or a payment in full on one of two contracts is a factual question that is not resolved by the record before us. Did respondents impliedly agree to finance the rest of the construction project by their payment? Was their conduct such that they are estopped from asserting their priority position? These are, at least, factual issues to be determined in a trial. Since genuine issues of material fact exist, we believe that the trial court erred in rendering summary judgment. By reversing that judgment, we limit our decision to the issue of summary judgment rendered, without reference to the merits of appellant's claim, a matter to be determined by trial on remand.

The judgment of the trial court granting summary judgment in favor of respondents is reversed and remanded.

STEWART, P. J., and STEPHAN, J., concur.