Kenneth W. TATUM, Plaintiff-Appellant,

v.

**GENERAL MOTORS ACCEPTANCE CORP., Defendant-Respondent.**

No. 51621.

Missouri Court of Appeals, Eastern District, Division Three.

July 14, 1987.

Marsha Brady, Hillsboro, for plaintiff-appellant.

David P. Senkel, Hillsboro, for defendant-respondent.

CRANDALL, Judge.

Plaintiff, Kenneth W. Tatum, brought an action against defendant, General Motors Acceptance Corporation, for conversion of his 1982 Chevrolet pickup truck. Defendant denied the alleged conversion and asserted that it had a legal right to repossess the vehicle because plaintiff defaulted on a security agreement between the parties. Defendant also filed a counterclaim seeking the deficiency between the outstanding balance on the purchase price of the vehicle and the proceeds obtained from its sale. The trial court granted defendant's motion for summary judgment on plaintiff's claim. After a trial, the court awarded defendant $1,220 on its counterclaim. On appeal, plaintiff challenges only the grant of summary judgment. We affirm.

On May 29, 1982, plaintiff purchased a new 1982 Chevrolet pickup truck. He made a down payment and financed the balance under an "Installment Sales Contract" with defendant. Paragraph 6 of the contract provided:

> If the buyer *defaults in any payment due* hereunder, or fails to comply with any of the terms or conditions hereof ..., or the seller has reasonable cause to believe that the property is in danger of misuse or confiscation, ..., the seller shall have the right ... to declare the unpaid installments ... to be immediately due and payable. Further in any such event, seller ... may take immediate possession of said property without demand and without process including any equipment or accessories thereto; and for this purpose seller may enter upon the premises where said property may be and remove same. (emphasis added).

Plaintiff's first two payments were late. On September 7, 1982, plaintiff was incarcerated in the Missouri State Penitentiary. He left the truck at his home with Kathy Pryor, the woman with whom he was living. The September payment was not paid. Four days after it came due, defendant sent its agent to repossess the truck. As the agent was backing out of the driveway, Kathy Pryor ran to the truck and reached inside the window, grabbing the keys. Pryor testified in her deposition that the agent "grabbed my arm and flung me back." She then offered payment which the agent refused. The agent completed the repossession and defendant subsequently sold the truck.

In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion for summary judgment was filed and against whom judgment was rendered. *Union Elec. Co. v. Clayton Center Ltd.*, 634 S.W.2d 261, 262 (Mo.App. 1982). If a genuine issue of fact exists, summary judgment cannot be granted; however, the fact must be a material one which has legal probative force as to a controlling issue in the litigation. *Union Elec. Co.*, 634 S.W.2d at 263.

Plaintiff has alleged a single point of error with three sub-points. He first contends that the trial court erred in granting the motion for summary judgment because a factual dispute existed as to whether defendant breached the peace when it repossessed plaintiff's vehicle. Plaintiff cites Kathy Pryor's deposition testimony as evidence that defendant's agent forcibly repossessed the truck.

A factual dispute must have probative force on a controlling issue in the litigation in order to preclude summary judgment. *Union Electric Co.*, 634 S.W.2d at 263. A breach of peace is only relevant to the rights of the person whose peace was breached; in this case, Kathy Pryor. While breach of peace may have been relevant in an action by Pryor, she was not a party in plaintiff's conversion action. Furthermore, we note it was Pryor who attempted to grab the keys as defendant's agent was moving the truck so that any

undue force would seem to have been exerted by Pryor and not the agent. Plaintiff's first sub-point is denied.

 Plaintiff next alleges that the reasonableness of defendant's belief that the vehicle was in danger of misuse, confiscation or loss, pursuant to Paragraph 6 of the contract, was a jury question. Defendant did not cite this provision in support of its motion for summary judgment. Rather, defendant relied on alleged default of payments due under the contract and breach of a contractural term barring unauthorized transfer of possession to support its decision to accelerate the contract. The language of Paragraph 6 is not material to any controlling issue in this case under *Union Elelctric.* Plaintiff's second sub-point is denied.

■ Plaintiff's last point on appeal is that the trial court erred in granting summary judgment because there was no evidence that plaintiff has transferred his interest in either the vehicle or the contract. Plaintiff argues that no transfer of ownership of a motor vehicle for which a certificate of ownership has been issued is valid unless a properly assigned certificate of ownership is passed between the parties pursuant to Section 301.210 RSMo.1984. Defendant, arguing that the security agreement barred plaintiff from granting Kathy Pryor *possession* of the vehicle, cites paragraph 2 of the contract which provides:

> Buyer ... shall not, without express permission of seller, transfer or otherwise dispose of any interest in this contract or said property.

Defendant's counterclaim contained the following language:

> Plaintiff did transfer said vehicle to a third party without ... consent ... and did default in payment of an installment due on said agreement; that by reason of the plaintiff's breach of the terms and conditions of said security agreement, defendant matured the outstanding balance due thereon and ... did repossess the said Pick Up Truck....

Plaintiff is not challenging the judgment in favor of defendant on its counterclaim. He is therefore estopped from arguing the merits of an improper transfer in conjunction with his appeal of the grant of summary judgment. Implicit in the trial court's adjudication of the counterclaim is the defendant's right to repossess the truck. Plaintiff therefore concedes defendant's right to repossession from himself or from a third party. *See Stoner v. Patrick,* 459 S.W.2d 393, 397 (Mo. banc 1970).

Judgment affirmed.[1]

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

1. Defendant's motion to dismiss or for costs is overruled.