Mary LAMBING, et al., Appellants,

v.

The SOUTHLAND CORPORATION, et al., Respondents.

No. 69305.

Supreme Court of Missouri, En Banc.

Nov. 17, 1987.

James C. Owen, Thomas W. McCarthy, Manchester, for appellants.

Eugene K. Buckley, St. Louis, for respondents.

ROBERTSON, Judge.

Appellants filed a wrongful death action against respondents Southland Corporation and Barbara Shaffer, d/b/a B–J's Family Bar's. The trial court sustained respondents' Motions for Summary Judgment. The Court of Appeals, Eastern District, reversed the trial court's order but transferred the case to this Court, following our transfer of *Childress v. Sams*, 736 S.W.2d 48 (Mo. banc 1987) (decided September 15, 1987). We have jurisdiction. Mo. Const. art. V, sec. 10. The principal issue is whether Section 537.053, RSMo 1986, abrogates appellants' cause of action against these respondents and if not, whether the common law at the time of this accident recognized an action by injured persons against those who serve or sell alcohol to intoxicated customers who injure third parties. Affirmed in part and reversed in part.

I.

Summary judgment is a harsh remedy. On review, we examine the record and the pleadings in the light most favorable to appellants, giving appellants every benefit of the doubt. *Union Electric Co. v. Clayton Center, Ltd.*, 634 S.W.2d 261, 262 (Mo. App.1982).

In their petition appellants aver that on October 26, 1983, Rodolfo Padilla became intoxicated while drinking alcoholic beverages at Schaffer's "B–J's Family Bar" (B–J's). Upon leaving B–J's, Padilla went to Southland's 7–Eleven Store, where he purchased packaged alcoholic beverages. Appellants allege that several hours after leaving the 7–Eleven Store, having consumed the alcoholic beverages purchased there, Padilla drove his vehicle into Lambing's vehicle, killing Lambing.

Appellants allege that both respondents sold alcohol to Padilla "notwithstanding the fact that he was or appeared to be in an intoxicated condition," in violation of Sec-

tion 311.310, RSMo 1986. Appellants further aver that respondents were negligent in selling alcohol to Padilla and that such negligence proximately caused the death of Lambing.

Southland and B–J's filed nearly identical motions for summary judgment claiming appellants' action is barred by the "public policy of ... Missouri to prohibit dram shop liability and to follow the common law rule that furnishing alcoholic beverages is not the proximate cause of injuries inflicted by intoxicated persons." Respondents further point to Section 537.053, RSMo 1986 (effective September 28, 1985), as a legislative affirmation of the "continued existence" of the common law rule on which they rely.

The trial court sustained both respondents' motions for summary judgment. This appeal followed.

## II.

■ Appellants assign error to the trial court's retroactive application of Section 537.053, RSMo 1986, claiming that such an application violates our constitutional provision forbidding the enactment of retrospective laws. Mo. Const. art. I, sec. 13. Respondents counter, arguing that Section 537.053 merely restates the common law rule in effect at the time of this accident. The trial court did not, therefore, apply Section 537.053 retroactively, under respondents' argument.

In *Andres v. Alpha Kappa Lambda Fraternity*, 730 S.W.2d 547 (Mo. banc 1987), plaintiff's cause of action arose on December 12, 1979, when their son died as a result of self-induced alcohol poisoning. As do the respondents here, the fraternity urged that Section 537.053 (effective September 28, 1985) pretermitted the Andres' cause of action. We held that Section 537.-053 "may not constitutionally be given the retrospective application urged by appellants." 730 S.W.2d at 593.

It would serve little purpose to repeat the analysis of the constitutional propriety of retrospective application of Section 537.-053 followed by this Court in *Andres*. For the reasons expressed in *Andres*, Section

537.053 cannot be employed by respondents to defeat appellants' cause of action.

## CLAIMS AS TO B–J'S FAMILY BAR

That Section 537.053 is inapplicable does not end our inquiry, however. Respondents argue that the common law rule in existence at the time of this accident will not recognize a claim against sellers of alcoholic beverages.

The common law finds its clearest expression in the pages of judicial opinions. Our courts have long recognized their continuing responsibility as arbiters of the common law, modifying that great body of rules, doctrine and tradition as the needs of advancing society dictate. It thus remains the prerogative of appellate courts—properly exercised only when justified—to modify the common law where the legislature has failed to speak.

The Supreme Court is a court of limited appellate jurisdiction. Mo. Const. art. V, sec. 3. General appellate jurisdiction is vested in a single Court of Appeals, id., divided into three districts. Mo. Const. art. V, sec. 1. The responsibility to announce the common law is not, therefore, the exclusive province of this Court. The common law moves tentatively; the process of modification is one of careful steps, of thoughtful maturation. It is a process in which the Court of Appeals plays an important role. We may deny the Court of Appeals its role in the common law process only by ignoring the constitutionally mandated division of judicial power and at the risk of calcifying the common law.

In 1934, the General Assembly repealed Missouri's dram shop act which had provided a civil remedy against dram shop owners for injuries caused by their intoxicated patrons. Section 4487, RSMo 1929 (repealed 1933–34 Laws of Missouri, 77.) The repeal of the dram shop act did not alter the common law; instead, the repeal of the dram shop act restored questions of dram shop liability to the arena of the common law and the transfiguring touch of the courts.

Until 1983, the common law in Missouri did not recognize a cause of action against a tavern owner by a person injured by an intoxicated tavern patron.[1] In 1983, however, the Court of Appeals, Eastern District, found a common law duty in tavern owners to refrain from serving intoxicated patrons and imposed liability for injuries resulting from a breach of that duty. *Carver v. Schafer*, 647 S.W.2d 570 (Mo.App. 1983). The court found that Section 311.310 is "indicative of Missouri public policy", a public policy which is expressed "even more fundamentally in the general law of torts." *Carver*, 647 S.W.2d at 575. The court reasoned that under the general law of torts, "[e]very person is required to take ordinary care against injuries reasonably to be anticipated." *Id.* This standard of ordinary care "imposed a duty upon [the tavern owner] to avoid supplying Mr. Schafer with intoxicating liquor once it became apparent that Mr. Schafer was intoxicated." *Id.* The court determined that "the well-documented foreseeability of accidents caused by drunken drivers and the statutory policy expressed in sec. 311.310", *id.*, justify the extension of liability under common law concepts to tavern owners who serve intoxicated patrons.

The Court of Appeals decided *Carver* February 8, 1983. No transfer application was filed in this Court. Mr. Lambing died October 26, 1983. At the time of Mr. Lambing's death, *Carver* recognized a common law cause of action against a tavern owner who served alcohol to an intoxicated patron who subsequently injured a third person. Thus, under *Carver* appellants' petition stated a cause of action against B–J's Family Bar. Because Section 575.053 cannot operate retrospectively to extinguish appellants' common law claim against B–J's, the trial court erred in sustaining B–J's motion for summary judgment.

## CLAIMS AS TO SOUTHLAND CORPORATION

Appellants contend that Section 311.310, which makes it a misdemeanor to "sell, vend, give away or otherwise supply any intoxicating liquor in any quantity whatsoever to … any person intoxicated or appearing to be intoxicated….", infers a civil cause of action against Southland, a package liquor store. *See Sampson v. W.F. Enterprises, Inc.*, 611 S.W.2d 333, 337 (Mo.App.1980) (A violation of Section 311.310 "gives rise to a cause of action [against tavern owners] for civil damages."), and *Nesbitt v. Westport Square, Ltd.*, 624 S.W.2d 519 (Mo.App.1981).

Even assuming that Section 311.310 gives rise to a civil cause of action, our courts to date have limited the applicability of that cause of action to suits against tavern owners, who dispense alcoholic beverages by the drink. The parties have not cited, nor do we find, any case in which liability has been extended to package liquor store proprietors in Missouri,[2] either under Section 311.310 or general common law tort principles.

Section 537.053 expresses a legislative intent to shield purveyors of intoxicants from liability for the injuries caused by their drunken patrons. Section 311.310 can no longer be read to give rise to a cause of action except under the limited circumstances provided in Section 537.053. Even were we inclined to extend common law liability to package store proprietors who knowingly sell alcohol to intoxicated customers, the passage of, and policy ex-

1. *Sampson v. W.F. Enterprises, Inc.*, 611 S.W.2d 333, 337 (Mo.App.1980), and *Nesbitt v. Westport Square, Ltd.*, 624 S.W.2d 519 (Mo.App.1981), discussed *infra*, base liability on Section 311.310. *Carver* is the first case extending liability on common law concepts.

2. *Skinner v. Hughes*, 13 Mo. 440 (1850), involved a slave who brought his own container to a store in which was sold "intoxicating liquor not less than a quart." The slave had his bottle filled, consumed its contents and subsequently died. His owner brought a civil action against the store owner, based not only on a statute which forbad the sale of intoxicants to slaves, but on common law principles of negligence. Whether the store in *Skinner* can be considered a package store is questionable, given that the alcohol was sold in open containers and available for immediate consumption on the premises. We therefore decline to read *Skinner* as approving a cause of action against package stores generally.

pressed in, Section 537.053 counsels against such a holding. The trial court did not err in granting summary judgment in favor of Southland.

The judgment of the trial court is affirmed as to the Southland Corporation. The judgment of the trial court is reversed as to B–J's Family Bar and the cause is remanded for further proceedings consistent with this opinion.

BILLINGS, C.J., and DONNELLY, RENDLEN and HIGGINS, JJ., concur.

BLACKMAR, J., concurs in part and dissents in part in separate opinion filed.

WELLIVER, J., concurs in part and dissents in part and concurs in separate concurring in part and dissenting in part opinion of BLACKMAR, J.

BLACKMAR, Judge, concurring in part and dissenting in part.

I agree that the judgment against the plaintiff and in favor of Southland Corporation should be affirmed.

I am not willing to accept *Carver v. Schafer*, 647 S.W.2d 570 (Mo.App.1983), as the "common law" of Missouri. As the principal opinion points out, there was no application for transfer in that case. I would reject the suggestion that there is a common law in the Eastern District, which may differ from the common law of the state. The point ruled in *Carver* is an open one, so far as we are concerned.

It is significant that, in the many years of our history, the courts have not imposed liability on the purveyors of liquor by the drink for the subsequent behavior of their patrons. I give no weight to the arcane case of *Skinner v. Hughes*, 13 Mo. 440 (1850), as establishing a rule of current application.

The legislature has no proper office in defining the common law rules for application to existing claims, but the signals from the repeal of the dram shop law, Section 4487, RSMo 1929, by L. 1933–1934, p. 77, provide very clear indications, first, that the legislature considered that a statute was necessary to impose civil liability on the seller of liquor by the drink, and, second, that a later legislature determined that there should be no such liability. This statutory history demonstrates quite clearly, moreover, that Section 311.310, RSMo 1986, was not intended to afford a civil action.

I see no compelling need to recognize a common law cause of action which has never been recognized by a decision of this Court, and which has been barred from future application by the express terms of Section 537.053, RSMo 1986. I would affirm the judgment in its entirety.