Charles F. MUELLER, et al.,
Plaintiffs/Appellants,

v.

JPA FOODS, INC. & TAT, Inc.
Defendants/Respondents.

No. 55168.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 21, 1989.

Charles Harry Billings, St. Louis, for plaintiffs/appellants.

Lloyd E. Eaker, Clayton, for defendants/respondents.

SMITH, Presiding Judge.

Plaintiffs appeal from the order of the trial court granting the motions to dismiss of respondents JPA Foods Inc. and TAT Inc. in this suit for wrongful death. We reverse and remand.

The allegations of the amended petition were that plaintiffs' decedent was their son, Randy; Randy was less than twenty-one years of age at the time of his death on March 26, 1985; Randy had on the night of his death frequented two taverns owned and operated respectively by each of the respondents; in each tavern Randy was sold alcoholic beverages; at the times of such sales Randy was already intoxicated; as a result of these sales Randy was in a "helplessly intoxicated" condition; while in such condition Randy was struck by two separate motorists while walking on a public road; as a result Randy died. Subsequent to the trial court granting respondents' motions to dismiss, partial settlement was effected and the driver defendants were dismissed. This appeal followed.

The trial court gave no reason for granting the motions to dismiss. JPA Foods (no brief was filed by TAT) asserts on appeal that the motions were properly granted because "public policy of the State of Missouri opposes dram shop liability." JPA relies upon Sec. 537.053, RSMo 1986. That statute became effective on September 28, 1985, six months after Randy's death and three days after the petition here was filed. Laws 1985, pp. 967 through 1023. That section declares it "has been and continues to be the policy of this state ... to prohibit dram shop liability and to follow the common law rule that furnishing alcoholic beverages is not the proximate cause of injuries inflicted by intoxicated persons." It then specifically provides in the next subsection that the section be interpreted "so that holdings in cases such as *Carver v. Schafer*, 647 S.W.2d 570 (Mo.App.1983); *Sampson v. W.F. Enterprises, Inc.*, 611 S.W.2d 333 (Mo.App.1980); and *Nesbitt v. Westport Square, Ltd.*, 624 S.W.2d 519 (Mo.App.1981) be abrogated in favor of prior judicial interpretation finding the con-

sumption of alcoholic beverages, rather than the furnishing of alcoholic beverages, to be the proximate cause of injuries inflicted upon another by an intoxicated person." An exemption was made where the vendor of intoxicating liquor by the drink "has been convicted" pursuant to Sec. 311.310, RSMo 1986.

The specific language of the first two subsections appears to limit the section's application to cases in which the injuries are inflicted by an intoxicated person not to cases where he is injured. The specific reference to the *Sampson* case and the language of Subsection 3 make that interpretation somewhat questionable, however. Regardless, in *Andres v. Alpha Kappa Lambda Fraternity*, 730 S.W.2d 547 (Mo. banc 1987) [5] and *Lambing v. The Southland Corporation*, 739 S.W.2d 717 (Mo. banc 1987) [1], the Court specifically held that Sec. 537.053 could not constitutionally be given retrospective application. In the latter case the court further held that the common law of the state embraces not only the decisions of the Supreme Court but also the decisions of the Court of Appeals.

*Carver, supra,* recognized a common law cause of action against a tavern owner who served alcohol to an intoxicated patron who subsequently injured a third person. It based that conclusion in part upon the public policy of Missouri as established by Sec. 311.310 prohibiting the sale of intoxicating liquor to intoxicated persons. That same statutory section prohibits such sales to minors also. *Sampson, supra,* and *Nesbitt, supra,* found a statutory cause of action for selling intoxicants to minors to have been created by Sec. 311.310. The *Sampson* case involved death sustained by the intoxicated minor. The combined effect of *Andres, Lambing, Carver, Nesbitt* and *Sampson* is that at least until September 28, 1985, a cause of action existed in this state for injuries or death sustained by a minor as a result of intoxication resulting from sales of alcoholic beverages by a commercial purveyor of liquor by the drink. That cause of action could not constitutionally be retrospectively abrogated by Sec. 537.053. *Andres, supra; Lambing, supra.* Decedent's death here arose while that

cause of action existed and the amended petition stated a cause of action for wrongful death. The court erred in granting the motions to dismiss.

Order granting motions to dismiss is reversed and cause remanded for further proceedings.

STEPHAN, concurs in concurring opinion of SATZ, J.

SATZ, J., concurs in separate concurring opinion.

SATZ, Judge, concurring.

I concur. We are constrained to follow the holding and clear teaching of the majority opinion in *Lambing v. The Southland Corporation*, 739 S.W.2d 717, 718–719 (Mo. banc 1987).