Richard L. NOSS, Appellant,

v.

Lloyd R. ABRAMS, et al., Respondents.

No. 56602.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 27, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 20, 1990.

---

Donald Kenneth Anderson, Jr. and Timothy A. McGuire, St. Louis, for appellant.

Robert D. Blitz and Charles S. Kramer, St. Louis, for respondents.

CARL R. GAERTNER, Judge.

Plaintiff Richard L. Noss appeals from an order granting summary judgment in favor of defendants Lloyd R. Abrams, Richard B. Rothman, Red Bud Associates, a partnership, and A & R Investments, Inc., on his claim for actual and punitive damages for fraud in connection with a real estate transaction. We affirm.

Plaintiff was the owner of the real property known as 8707 Red Bud Avenue in St. Louis County. On April 10, 1987, he entered into a contract with defendant A & R Investments, Inc., through its president, Lloyd Abrams, to sell this property for the sum of $75,000. On June 30, 1987, plaintiff conveyed the property by general warranty deed to Red Bud Associates, the assignee of A & R Investments, Inc. Lloyd Abrams and Richard B. Rothman are the general partners of Red Bud Associates and they are also the sole shareholders, officers and directors of A & R Investments, Inc. Both men are licensed attorneys in Missouri and Abrams is licensed as a real estate broker. On March 10, 1989, 23 months after execution of the sale contract, Red Bud Associates sold the property to a third party, Hycel Partners I, a limited partnership, for the sum of $124,031.25.

Plaintiff filed this action alleging that defendant Abrams, as the agent of Red Bud Associates and A & R Investments, Inc., was guilty of fraudulent concealment in that he had failed to disclose to plaintiff the true market value of the property and the fact that Abrams was a licensed real estate broker buying real estate for himself, in violation of a rule of the Missouri Real Estate Commission, 4 CSR 250–8.-110(1). Defendants filed a Motion for Summary Judgment supported by affidavits. Plaintiff filed a counter affidavit. After a hearing on April 19, 1989, defendants' Motion for Summary Judgment was sustained.

Plaintiff presents three points on appeal. His first assigns trial court error in granting summary judgment to defendants because genuine issues of material fact were not resolved by respondents' affidavits.

We review the record on summary judgment in the light most favorable to the party against whom summary judgment was rendered, and will not set aside the order if it is sustainable on any theory. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 242–3 (Mo. banc 1984); *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo.App.1987). If a genuine issue of material fact exists, summary

judgment is inappropriate. An issue of fact is material if it has "... legal probative force as to a controlling issue in the litigation," *Tatum v. General Motors Acceptance Corp.*, 732 S.W.2d 591, 592 (Mo. App.1987), and is said to exist when there is the "... slightest doubt about a fact." *Gast*, 739 S.W.2d at 546.[1] Summary judgment is appropriate only when the record discloses no theory that would permit recovery and the moving party is entitled to summary judgment as a matter of law. *Zafft*, 676 S.W.2d at 244; *Signature Pool & Court v. City of Manchester*, 743 S.W.2d 538, 540 (Mo.App.1987); Rule 74.04(c).

■ Although the denial in defendants' answer of certain allegations of plaintiff's petition reveals some matters to be in dispute, we find no dispute regarding the facts which are material to the dispositive issue in this case: the existence of a duty upon the buyer to disclose facts to the seller the breach of which gives rise to a cause of action for damages.

It is not disputed that this was an arms-length transaction and that no fiduciary relationship existed between plaintiff and Abrams. In these circumstances, we know of no rule of law or business practice which requires a buyer to advise a seller that the buyer believes the property has a market value in excess of the offered purchase price. As stated in *Ash Grove Lime & Portland Cement Co. v. White*, 361 Mo. 1111, 238 S.W.2d 368, 372 (1951), it has never been contended or maintained in the absence of a fiduciary relationship "... that the buyer is bound to reveal all facts known to himself which would enhance the value of the article sold...." Moreover, expressions of market value are generally considered to be expressions of opinion, not fact, and therefore not a basis for an action in fraud. *Gamel v. Continental Insur-*

*ance Company*, 463 S.W.2d 590, 595 (Mo. App.1971). Plaintiff does not allege any misrepresentation nor any concealment of fact which would materially affect the market value of his property which was known by defendants but undiscoverable by him. For this reason, the cases relied upon by plaintiff are distinguishable.

In *Curtis v. Kays*, 670 S.W.2d 887 (Mo. App.1984), a wife was found entitled to recision of a marriage dissolution separation contract because of her husband's fraudulent concealment of $24,000 paid to him for an interest in his closely held corporation, and because of husband's false statements regarding the present value of his pension and profit sharing plans. The court held that because of the confidential relationship between husband and wife and the fact they were not engaged as adversaries dealing at arms-length, the husband had a duty of honest disclosure regarding his business affairs which he volunteered to furnish to his wife knowing she would rely thereon. *Id.* at 893. Because of these circumstances, the court noted the inapplicability of the general rule that a representation of value is an expression of opinion which will not support a claim of fraud. *Id.* at n. 2. Plaintiff relies upon a sentence drawn out of context from the *Curtis* opinion which, when considered in light of all the circumstances of that case, has no applicability to the facts in this case. Similarly, in *Walters v. Maloney*, 758 S.W.2d 489 (Mo.App.1988), it was the fiduciary relationship between plaintiffs and their own real estate broker which created a duty upon the broker to disclose to his clients his knowledge of the existence of a bank lien upon property superior to the deed of trust taken by plaintiffs as security for partial payment of the purchase price of their residence. This trust and confidence inherent

---

1. Since January 1, 1988 a motion for summary judgment need no longer be supported by "unassailable proof." *Hayes v. Hatfield*, 758 S.W.2d 470, 472 (Mo.App.1988). Rule 74.04 as now constructed and Federal Rule 56 are nearly identical. When a Missouri rule tracks a federal rule we may use federal precedent. *In re Estate of Caldwell*, 766 S.W.2d 464, 466 (Mo. App.1989). Recent federal precedent establishing the burden of proof for summary judg-

ments, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), appears to *lessen* the summary judgment burden of proof. *See DeFino v. Civic Center Corp.*, 780 S.W.2d 665, 668 (Mo.App.1989).

in a client-broker relationship was held to excuse plaintiff's failure to make an independent inquiry which would have disclosed the true facts. *Id.* at 496.

■ In his reply brief, plaintiff cites without discussion the case of *Fairmont Foods Co. v. Skelly Oil Co.,* 616 S.W.2d 548 (Mo.App.1981). In *Fairmont Foods* the plaintiff did not discover until after completion of its purchase of real estate that access to the land was limited because of a condemnation proceeding, a fact known to but not disclosed by the seller. The court observed that in some instances a superior knowledge on the part of one of the parties which is not within the fair and reasonable reach of the other may give rise to duty to speak. *Id.* at 550. A party claiming fraudulent nondisclosure under this rule must prove his inability to discover the undisclosed fact in the exercise of reasonable diligence. The court concluded that the seller's silence regarding its knowledge of the access limitation did not constitute fraudulent concealment because the buyer could have easily discovered the condemnation proceeding by reasonable inquiry and therefore had no right to rely upon the vendor's silence. *Id.* at 552.

The cases relied upon by plaintiff lend support to the denial of his claim. They deal with nondisclosure of *facts* materially affecting value. Here plaintiff alleges no facts known to defendants and not discoverable by him; his claim is based solely upon his conclusory allegation that defendants had superior knowledge of the market value of his property. Market value of a parcel of residential real estate is dependent upon many and oftentimes very subjective factors. As noted above, statements of value are generally considered to be expressions of opinion. The fact that Abrams is a real estate broker may give him greater access to information regard-ing what a buyer might be willing to pay, but that fact alone does not afford him knowledge superior to that of an owner regarding what a seller might be willing to accept. Nothing in the record before us supports plaintiff's claim of fraudulent concealment based upon the contention that defendants failed to disclose their "knowledge" of the true market value of his property.

■ Plaintiff also contends he is entitled to damages because Abrams failed to disclose he was a licensed real estate broker buying property for himself in violation of 4 CSR 250–8.110, which provides as follows:

> A licensee shall not buy for him/herself, any real estate directly or indirectly, nor shall s/he acquire any interest without first making his/her status as a licensee known in writing to the owner.[2]

Assuming as true the allegation in plaintiff's affidavit that Abrams did not disclose his status as a licensee in writing, an allegation not denied in Abrams' affidavit, it would appear that Abrams may be guilty of a violation of the regulation and possibly subject to disciplinary action by the Missouri Real Estate Commission.[3] That, however, is not the issue before us. The question we must first determine is whether a regulation adopted by an administrative agency which governs the conduct of its licensees may serve to create a private cause of action for damages for a breach thereof where no such cause of action exists by statute or common law.

The Code of State Regulations (CSR) is published by the Missouri Secretary of State and contains the full text of all rules of State agencies. § 536.031 RSMo.1986. The Missouri Real Estate Commission is such an agency authorized to license and

---

**2.** The effective date of 4 CSR 250–8.110 is March 26, 1987, two weeks before the execution of the sale contract in this case. The prior form of the regulation required a licensed real estate broker to disclose his personal interest as purchaser of the property, a disclosure undisputedly made in the instant case.

**3.** Abrams claims exemption from this rule as a licensed attorney pursuant to § 339.010.5(2) RSMo.1986. Plaintiff argues the exemption does not apply since Abrams was not "acting as an attorney" in this transaction. We need not decide this issue but note the 1978 amendment to the statute which deleted from the attorney exemption the phrase "in the performance of his duties as such." L.1978 S.B. No. 811, p. 612.

regulate the business of real estate agents and brokers pursuant to § 339.010–.180 RSMo.1986. Rule 4 CSR 250–8.110 is a regulation adopted by the Commission under the authority of § 339.120 "... for the purpose of carrying out and enforcing the provisions of this chapter." Thus, the rule making power of the commission is granted for a limited purpose, which does not include a delegation of legislative power to establish a private cause of action for damages for violations of its rules. The power to enact laws is granted exclusively to the General Assembly and may not be delegated. Mo.Const. art. III, § 1; *Moore v. Pelzer,* 710 S.W.2d 416, 421–22 (Mo.App.1986).

One who acts as an agent for the seller of real estate and negotiates a sale to himself through a straw party or to an entity in which the agent has an interest, without disclosure thereof to his client, is guilty of a breach of fiduciary duty and is exposed to liability for fraudulent concealment. *See Travagliante v. J.W. Wood Realty Co.,* 425 S.W.2d 208, 212 (Mo.1968). However the instant case presents the converse of that situation. Abrams approached plaintiff as a principal, interested in purchasing the property for his own partnership or corporation. No fiduciary relationship existed in this case. Abrams did not ask for or receive any commission from plaintiff nor did he purport to act on plaintiff's behalf. He clearly remained on the other side from plaintiff in an arms-length transaction. Under such circumstances the failure to disclose to plaintiff that Abrams happened to be a licensed real estate broker does not constitute a violation of any statutory or common law duty. It is the prerogative of the Commission to regulate the conduct of its licensees, to promulgate rules for that purpose, and to impose disciplinary sanctions for violation thereof. However, the consequences of a violation of such a rule must be measured by the peculiar facts of each case. *Coldwell Bankers–Gordon Co. Realtors v. Roling,* 703 S.W.2d 572, 575 (Mo.App.1986). The regulation at issue does not purport to declare nondisclosure of a buyer's status as a licensee to constitute fraudulent concealment or to affect the validity of the sale.

Nothing in the case before us suggests that plaintiff's acceptance of defendants' offer was induced by any misrepresentation or misunderstanding. Under the circumstances of this case, Abrams' failure to disclose his status as a real estate broker does not in and of itself constitute fraudulent concealment giving rise to a cause of action for damages.

We find no theory disclosed by the record which would permit plaintiff to recover damages and, accordingly, the trial court did not err in granting summary judgment for the defendants.

Judgment affirmed.

HAMILTON, P.J., and STEPHAN, J., concur.