Dawn CHILDRESS, Gerhart Childress, and Mary Ann Childress, Appellants,

v.

Jeff SAMS, et al., Respondents.

No. 69206.

Supreme Court of Missouri, En Banc.

Sept. 15, 1987.

Dallas W. Cox, Jr., St. Louis, for appellants.

Victor L. Ottenlips, Jr., Clayton, Eric P. Rosenkoetter, Denis C. Burns, St. Louis, Paul T. Krispin, Jr., Nicholas G. Gasaway, Hillsboro, for respondents.

WELLIVER, Judge.

Appellants, Dawn, Gerhart, and Mary Ann Childress, appeal from the Circuit Court of St. Charles County's order sustaining respondent Sams' Motion for Summary Judgment and respondents Hulsey, Aro Gas and Aro Systems' Motions to Dismiss with Prejudice plaintiffs' petition. The Court of Appeals, Eastern District, affirmed the dismissal of Hulsey and the summary judgment as to Sams but reversed the dismissal of Aro Gas and Aro Systems. We transferred this case by authority of Mo. Const. art. V, § 10. We affirm the circuit court.

I

We look to the facts alleged by the plaintiffs-appellants to determine whether a cause of action has been stated. On Fri-

day, April 29, 1983, respondent Jeff Sams planned a party at the home of his parents, who were out of town. Sams drove respondent Donald Hulsey, Jr., to Aro Gas, where Hulsey purchased a half-barrel of beer from respondent Aro Systems.[1]

The purchase price of the beer was split among Sams, Hulsey and Mike Kloth. Sams arranged for Kloth to collect a cover charge of $3.00 from each male guest and $2.00 from each female guest to recoup the cost of the party. In fact, the funds raised exceeded the price of the beer by between five and eight dollars. Jeff Beckering[2] was one of the guests invited[3] to the Sams home that evening. Beckering arrived at the party between 8:00 and 9:00 p.m. and consumed between ten and twenty 10- to 12-ounce cups of beer before his departure two hours later. Kloth, who was dispensing the beer throughout the evening, noticed Beckering's excessive consumption and voiced his concern, telling Beckering that he "ought to stop drinking so much." Beckering replied that it was "no big deal" and continued to consume beer.

Appellant, Dawn Childress who was also a guest at the Sams home, learned that Beckering had driven to the party and asked him to drive her home. Beckering agreed and he, Dawn Childress and two of their friends climbed into Beckering's car. Beckering drove recklessly as he pulled out of the driveway. Sams and others suggested he should not drive home, but Beckering ignored them and continued on his way. On the way to Childress' home, Beckering misjudged an electric signal at the intersection of Missouri Highway 94 and Harvester Road. Traveling at about 50 mph, Beckering entered the intersection against a red light. As he entered the intersection, he noticed oncoming traffic and swerved to avoid collision, running into an electrical signal pole. Childress suffered a broken neck and multiple fractures of her right leg, as well as lacerations.

Dawn Childress and her parents, Gerhart and Mary Ann Childress, brought suit against respondents. Sams moved for summary judgment and Hulsey, Aro Gas, and Aro Systems moved for dismissal. The trial court sustained the motions.

## II

■ Appellants allege that the trial court erred in sustaining respondent Sams' Motion for Summary Judgment and respondent Hulsey's Motion to Dismiss, claiming that Sams and Hulsey were not social hosts since they charged a fee to recoup the cost of the alcohol which they provided.

In *Harriman v. Smith*, 697 S.W.2d 219 (Mo.App.1985), the court of appeals found no actionable cause would lie against a social host who furnished alcoholic beverages. We recently adopted the *Harriman* rule in *Andres v. Alpha Kappa Lambda Fraternity*, 730 S.W.2d 547 (Mo. banc 1987). In *Andres*, we reasoned that

[I]mposing liability upon social hosts would have "substantial impact on ... everyday social and family affairs" and therefore the parameters of any duty imposed on social hosts should be determined by the legislature. Moreover, unlike commercial vendors, social hosts do not realize any pecuniary gain from the furnishing of alcoholic beverages and for this reason they likewise have no incentive to encourage excessive consumption. In addition, the typical social host lacks the expertise required to evaluate the quantity of alcohol a guest can safely consume. Lastly, commercial vendors are able to insure themselves against the risks of furnishing alcoholic beverages while such protection is not presently available to social hosts.

1. Aro Systems leases from respondent Aro Gas and the two corporations share a common major stockholder.

2. The suit against former defendant Beckering was settled and dismissed on March 5, 1986.

3. Sams prepared and distributed approximately fifty handwritten, mechanically reproduced invitations to his friends and fellow students at Francis-Howell High School. Sams, Hulsey, Kloth, Beckering, Childress and the other guests were fellow students at Francis-Howell and were all minors.

*Andres,* 730 S.W.2d at 552 (citations omitted).

Each of these reasons is equally applicable to this case. While the hosts here charged a nominal fee, that fee was not intended to generate a profit and the single cover charge provided no incentive for the hosts to encourage excessive alcohol consumption, rather, it gave incentive to discourage excessive consumption. In this case, the invited guests were merely required to make a contribution to defray expenses. No commercial motive is evident. We find that Sams and Hulsey were social hosts and that, under the *Harriman* rule adopted in *Andres,* the trial court properly sustained the Motion for Summary Judgment as to Sams and Hulsey's Motion to Dismiss.

### III

Appellants allege that the trial court erred in sustaining Aro Gas and Aro Systems' Motions to Dismiss.

Since 1934 and the repeal of Missouri's Dram Shop Act, § 4487, RSMo 1929, (repealed by § 44 of C.S.S.B. 6, 21, 22, 23, 24 and 25. Laws of Missouri, Extra Session 1933–34 at 92) there has been no statutory liability imposed on the furnishers of intoxicating liquor.

By case law, three court of appeals decisions have imposed liability in three different situations. In 1980 the Court of Appeals, Western District, held a tavern owner liable for the death of a minor who had become intoxicated and was killed when his pickup went off the road. *Sampson v. W.F. Enterprises, Inc.,* 611 S.W.2d 333 (Mo.App.1980). In 1981 the same appeals court held a tavern owner liable for the injuries a passenger sustained from riding in a car driven by an intoxicated minor. *Nesbitt v. Westport Square, Ltd.,* 624 S.W.2d 519 (Mo.App.1981). In 1983, the Court of Appeals, Eastern District held an Illinois tavern owner liable for the wrongful death of a Missouri police officer, who was struck and killed by a car operated by an intoxicated patron. *Carver v. Schafer,* 647 S.W.2d 570 (Mo.App.1983). All three cases involved a tavern owner as the fur-

nisher of the liquor, not a commercial vendor selling in original package for consumption off the premises. Clearly, the respondents do not come within the tavern operator's liability created by the three cases. Respondents did not sell liquor for consumption on the premises.

Appellants argue that respondents are liable under § 537.053, RSMo 1986, which became effective in September of 1985. Sub-section 3 of that statute enacts a new, but very limited dram shop liability. It provides:

3. Notwithstanding subsections 1 and 2 of this section, a cause of action may be brought by or on behalf of any person who has suffered personal injury or death against any person licensed to sell intoxicating liquor by the drink for consumption on the premises who, pursuant to section 311.310, RSMo, has been convicted, or has received a suspended imposition of the sentence arising from the conviction, of the sale of intoxicating liquor to a person under the age of twenty-one years or an obviously intoxicated person if the sale of such intoxicating liquor is the proximate cause of the personal injury or death sustained by such persons.

Section 537.053, RSMo 1986.

Liability under subsection 3 is conditioned upon conviction of a person selling liquor by the drink pursuant to § 311.310, RSMo 1986 of selling liquor to a minor or a person obviously intoxicated. Clearly, respondents Aro and Aro Systems are neither selling liquor by the drink nor is there any allegation or evidence that they have been convicted under § 311.310, RSMo 1986. The statute, whether considered retrospective or prospective, has no application to these respondents.

The judgment of the circuit court is affirmed as to all respondents.

All concur.