LINN REORGANIZED SCHOOL DISTRICT II OF OSAGE COUNTY, Plaintiff–Appellant,

v.

FRANGKISER & HUTCHENS, INC., Butler Manufacturing Company, and Vincent Roofing Company, Defendants–Respondents.

No. 52631.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 3, 1987.

Robert L. Hyder and Steven J. Bratten, Jefferson City, for plaintiff-appellant.

Thomas J. Wheatley and Timothy K. McNamara, Kansas City, for defendant-respondent, Butler Mfg. Co.

Stephen E. ERNST, et al., Plaintiffs–Appellants,

v.

Edward Alan DOWDY, et al., Defendants–Respondents.

No. 51559.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 3, 1987.

Kenneth J. Heinz, Robert A. Hutton, Jr., St. Louis, for plaintiffs-appellants.

Reginald P. Bodeux, St. Charles, William B. England, Albert E. Schoenbeck, Scott J. Seabaugh, St. Louis, Frederick W. Drakesmith, St. Charles, for defendants-respondents.

STEPHAN, Judge.

Plaintiffs sued defendants seeking damages for injuries they suffered in an automobile accident. Defendants successfully moved for summary judgment and plaintiffs appeal. We affirm.

On October 14, 1979, plaintiffs were driving west in a westbound lane of Interstate 70, when an eastbound car struck theirs head-on. Plaintiffs were rendered quadriplegics as a result of the collision. In this action, they seek damages for their injuries. The pertinent allegations are these:

(i) Edward Dowdy, the driver of the eastbound car, was drunk and driving on the wrong side of the road when the collision occurred;

(ii) defendants Dennis, Steven, and Barbara Paris, served Dowdy the alcohol that induced his drunkenness, at a party in their home;

(iii) defendant Nine–O–Five Stores, Inc. sold Dennis Paris the alcohol the Parises served Dowdy;

(iv) Dennis Paris and Edward Dowdy were minors at the time; and

(v) the Parises charged Dowdy and their other guests admission to party.

### I.

The circuit court granted the Parises' motion for summary judgment ostensibly on grounds that a social host who serves alcohol in his home to an intoxicated guest does not incur civil liability for injuries the guest inflicts on third parties while impaired. See *Harriman v. Smith*, 697 S.W.2d 219 (Mo.App.1985). Plaintiffs assert, however, that by collecting two or three dollars admission from each guest, the Parises forfeited their "social host" status and incurred liability as participants in a joint enterprise for profit. We disagree. The Missouri Supreme Court has recently ruled that a social host does not forfeit his status as such if he accepts nominal amounts of money from his guests to defray the cost of a party. *Childress v. Sams*, 736 S.W.2d 48 (Mo.1987). Point denied.

### II.

The circuit court did not articulate its grounds for granting Nine–O–Five summary judgment. If the order is sustainable on any ground, however, it must be affirmed. *Discount Center, Inc. v. State Bank and Trust Co. of Wellston*, 526 S.W.2d 407 (Mo.App.1975).

Plaintiffs alleged that Nine–O–Five violated § 311.310, RSMo 1978, by selling alcohol to a minor (Dennis Paris) and that the violation was a proximate cause of the accident. Nine–O–Five denied the allegations. Whether Nine–O–Five sold Dennis Paris the alcohol Dowdy drank, however, is not, in our view, material to the resolution of this case.

Section 537.053, RSMo 1986, declares that "(s)ince the repeal of the Missouri Dram Shop Act in 1934 ... it has been and

continues to be the policy of this state to follow the common law of England ... to prohibit dram shop liability and to follow the common law rule that furnishing alcoholic beverages is not the proximate cause of injuries inflicted by intoxicated persons." When plaintiffs' cause of action arose in 1979, there was, as § 537.053 declares, no common law dram shop liability in this state.[1]

Plaintiffs argue, however, that § 537.053 insulates only licensed vendors who sell liquor by the drink from liability for the torts of their intoxicated customers and that licensed vendors of liquor not to be consumed on the vendor's premises enjoy no such immunity because they are not "dram shop keepers." The argument is specious.

 The last legislative definition of a "dram shop keeper" appeared in § 6498, RSMo 1919. The term included "a person permitted by law ... to sell intoxicating liquors in any quantity, either at retail *or in the original package,* not exceeding 10 gallons." (Emphasis added.) The distinction between a license to sell liquor for consumption only on the premises where sold and a license for "sale in the original package, not to be consumed upon the premises where sold ..." is a more recently developed concept. See § 4901, RSMo 1939. Because the 1919 definition of "dram shop keeper" specifically contemplated "original package" sales, albeit with a ten gallon limitation, we reject as highly artificial any distinction that would exclude vendors for consumption off the licensed premises (e.g. "package sales") from the ambit of § 537.053 or the common law rule that prohibits dram shop liability. We

therefore hold Nine-O-Five is a dram shop within the meaning of § 537.053, and within the contemplation of the common law rule in effect when plaintiffs' cause of action arose, that it is "the consumption of alcoholic beverages, rather than the furnishing of alcoholic beverages, [that is] the proximate cause of injuries inflicted upon another by an intoxicated person." Section 537.053–2. Plaintiffs' point is denied.

The judgment is affirmed.

GARY M. GAERTNER, P.J., and SATZ, J., concur.

---

1. Section 537.053–3 provides a statutory exception to the common law rule, but the section was enacted in 1985 and the Supreme Court has suggested it will be given prospective application only. See *Andres v. Alpha Kappa Lambda Fraternity,* 730 S.W.2d 547 (Mo. banc 1985).

Moreover, Section 537.053–3 imposes liability only upon a
> ...person licensed to sell intoxicating liquor by the drink for consumption on the premises who, pursuant to Section 311.310, RSMo, has been convicted, ... of the sale of intoxicating liquor to a person under the age of twenty-one

years or an obviously intoxicated person if the sale of such intoxicating liquor is the proximate cause of the personal injury or death sustained by such person.

Plaintiffs do not assert, nor does the record indicate, that Nine-O-Five sold liquor by the drink for consumption on the premises or that Nine-O-Five was convicted pursuant to § 311.310 of selling liquor to the minor Dennis Paris. Thus, regardless whether § 537.053.3 is considered prospective or retrospective, by its terms it is not applicable to Nine-O-Five. *Childress v. Sams, supra,* 736 S.W.2d 48 (Mo.1987).