**Michael W. TRAMMELL, Appellant,**

v.

**Robert MATHIS, et al., Respondents.**

**No. WD 39076.**

Missouri Court of Appeals, Western District.

Dec. 29, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 1988.

James H. Bell, Kansas City, for appellant.

Sally Burger, of counsel: Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, for respondent QuikTrip Corp.

P. John Brady, of counsel: Shughart, Thomson & Kilroy, Kansas City, for Lane & Hill Restaurants, Ltd.

Before PRITCHARD, P.J., and GAITAN and COVINGTON, JJ.

PRITCHARD, Presiding Judge.

Plaintiff brought suit, in Counts III and IV of his amended petition, against defendant QuikTrip Corporation alleging that it negligently sold intoxicating liquors to Frank Stodden and Douglas Popa (since deceased) on August 5, 1983, who were then minors, in violation of Missouri State Law. In Counts V and VI, plaintiff also

sued L & H Restaurants, Ltd., alleged to have owned the Old Firehouse Restaurant at 7006 N.W. Barry Road, Kansas City, Missouri, alleging that it served to defendant, Mathis, intoxicating liquors which led to his intoxication knowing that he would operate a motor vehicle under that influence.

The trial court granted motions to dismiss as to both QuikTrip and L & H on May 12, 1986. Thereafter, plaintiff's case against defendants Mathis and the ad litem for Popa were tried to a jury which rendered its verdict for plaintiff, upon which judgment was entered on October 8, 1986. The ad litem for Popa appealed but the appeal was dismissed because of a settlement. The judgment against Mathis was not appealed. Thus, the matter of the prior dismissals as to QuikTrip and L & H became final for the purpose of plaintiff's appeal against them.

■ Exhibits of testimony attached to the suggestions in support of and in opposition to QuikTrip's motion to dismiss show that Popa and his companions went to its store on Highway 45 where Czamanske, Popa and Frank Stodden each purchased a six-pack of beer. The group went elsewhere to consume the beer. It is not contested that QuikTrip is a package liquor store which does not sell liquor for consumption on the premises. Both QuikTrip and L & H rely upon § 537.053, RSMo (effective September 28, 1985), which section limits a cause of action for personal injury or death against any person licensed to sell intoxicating liquor by the drink for consumption on the premises who has been convicted or received a suspended sentence for the sale of to a person under 21 years or to an obviously intoxicated person. The accident here happened on August 6, 1983. The Supreme Court held in *Andres v. Alpha Kappa Lambda Fraternity*, 730 S.W.2d 547 (Mo. banc 1987), that this statute could not be constitutionally applied retroactively to a cause of action arising before its effective date. Thus, neither QuikTrip nor L & H may avail the statute as a defense.

■ As to QuikTrip, however, it was held in *Childress v. Sams*, 736 S.W.2d 48 (Mo. banc 1987); and *Lambing v. The Southland Corporation*, 739 S.W.2d 717 (Mo. banc 1987), that a commercial vendor selling liquor in original package for consumption off the premises is not liable, pursuant to statute or common law, for liabilities inflicted by intoxicated persons. The trial court, therefore, did not err in dismissing plaintiff's case as to QuikTrip. See also *Ernst v. Dowdy*, 739 S.W.2d 571 (Mo.App.1987).

■ L & H, however, stands on different footing. It is not a package liquor store, but dispenses liquor by the drink to its patrons. As to it, plaintiff alleged that its employees served defendant Mathis intoxicating liquors which led to his intoxication, even though they knew or should have known that he would operate a motor vehicle while under the influence of intoxicating liquors sold to him by L & H.

Attached to L & H's suggestions in support of its motion to dismiss plaintiff's petition are portions of the deposition testimony of Michael W. Trammell, Susan J. Mathis and defendant Mathis. Trammell testified that he had four or five draft beers, and Mathis and he seemed to be going and getting their drinks at the same time. Mathis and he danced a lot (with their wives). They left the Firehouse at 11:15 or 11:30. Mathis did not appear to be intoxicated or drunk. He had no problems walking through doors, shutting doors or talking. Trammell drove Mathis' Pontiac to his home because he wanted to see what it was like, not because Mathis was too drunk to drive. Later, they left to get eggs, Mathis then driving the Pontiac. Trammell felt no alarm or anxiety about Mathis driving; he did not appear to be drunk, and had no difficulty in talking or walking.

Susan Mathis testified that he (Robert Mathis) was drinking "draws". They danced a lot. When they left the Firehouse, Susan did not feel like she was intoxicated and Robert did not appear to be intoxicated. When they left the Firehouse, the four of them went home arriving there between one and one-fifteen.

Robert Mathis testified that the time he left his home and as he was driving towards QuikTrip, he was having no difficulty driving, he did not feel like he was intoxicated, and he felt like he had all his faculties together. The foregoing deposition testimony was not controverted by plaintiff in any way.

 L & H's motion to dismiss alleged that plaintiff's petition failed to allege facts entitling him to relief. Ordinarily, a petition should be held good as against a motion to dismiss if the averments therein accorded every reasonable and fair intendment, can state a claim which calls for the invocation of substantive law which may entitle plaintiff to relief. *Johnson v. Carthell*, 631 S.W.2d 923, 926[1, 2] (Mo.App. 1982). Rule 55.27(a), however, provides that if, on a motion to dismiss for failure to state a claim upon which relief may be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 74.04. Under Rule 74.04(c), when a motion for summary judgment is made, a party may not rest on the mere allegations in his pleading, but must set forth facts showing that there is a genuine issue for trial. *American Family Insurance Group v. Wilcoxson*, 572 S.W.2d 222, 223 (Mo.App.1978); *Finn v. Newsam*, 709 S.W.2d 889, 891 (Mo.App.1986).

At the time of plaintiff's injuries, *Carver v. Schafer*, 647 S.W.2d 570 (Mo.App.1983), controlled L & H's liability to him under common law concepts of negligence. Under that case, p. 575[6], the standard of ordinary care imposed a duty upon L & H to avoid supplying Mathis with intoxicating liquor *once it became apparent that Mathis was intoxicated.* Plaintiff's own deposition testimony refutes this necessary element of his cause of action. Mathis did not appear to be intoxicated when they left the Firehouse at 11:15 or 11:30; he had no problem walking through doors, shutting doors or talking; plaintiff drove the Pontiac car to Mathis' home not because he was too drunk to drive; and later when the two of them left to get eggs, plaintiff felt no alarm or anxiety about Mathis' driving—he did not appear to be drunk. Thus, there remained no genuine issue of disputed fact for trial that Mathis was obviously, actually and apparently intoxicated while he was at L & H's establishment.

The judgment is affirmed.

All concur.