Thomas A. BERNICKUS, William J. Bernickus and Mary A. Bernickus, Appellants,

v.

Elroy BOMAR, Judy Bomar d/b/a Florissant Banquet Center and Anthony G. Hines, Respondents.

No. 54961.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1989.

Application to Transfer Denied May 16, 1989.

---

John H. Marshall, Burns, Marshall & Burns, Clayton, for appellants.

Stephen C. Murphy, Clayton, for Bomars.

Ray B. Marglous, James E. Lownsdale, and Gerald Leon Warren, Clayton, for respondents.

CRIST, Judge.

Dram shop action for damages arising out of a motor vehicle collision ended by summary judgment for defendants. We affirm as to Bomars, but reverse and remand as to Hines.

Appellants, plaintiffs mother, father and minor son alleged: Respondent/defendant Hines rented a banquet hall from respondent/defendants Bomars for $150 for the night of November 24, 1984, for a party; neither Hines nor Bomars was licensed to sell intoxicating liquor; Hines, and Bomars through Hines, sold intoxicants at the party for a profit; a minor, Delbert Littrell, was served intoxicants after he was obviously intoxicated; Littrell left the party, driving his pickup truck, ran through a red light and collided with the car driven by minor plaintiff Thomas Bernickus, severely injuring him; and these injuries were proximately caused by the serving of alcohol to Delbert Littrell by Hines, and by Bomars through Hines as their agent.

On January 25, 1988, Hines filed his motion for summary judgment and memorandum of law, alleging facts and citing cases in support. Thereafter, on February 8, 1988, defendant Hines filed an affidavit to be attached to his motion for summary judgment wherein he stated he had never operated a tavern or dram shop, or been in the business of selling and dispensing alcoholic beverages. The hall was rented for a party, at which donations were taken to pay for the band, of which he was a member. Beer was served free to those who were not minors and were sober. He made no profit from the party. He did not know of Delbert Littrell, if he was at the party, or whether he was served alcohol at the party. On February 26, 1988, Bomars filed their motion for summary judgment.

Plaintiffs replied to defendants' motions for summary judgment on April 26, 1988. They filed an affidavit with attachments of the police report of the investigation of the November 24, 1984 collision, a copy of a flyer printed to advertise the party, a copy of a ticket printed for the party, and a copy

of the rental contract. On that same date, the court heard and sustained defendants' motions for summary judgment.

■ Plaintiffs assert the trial court erred in sustaining Hines's motion for summary judgment, contending Hines sold intoxicants by the drink, thus he was the equivalent of a tavern operator and subject to liability as set forth in *Carver v. Schafer,* 647 S.W.2d 570 (Mo.App.1983). Plaintiffs stated a cause of action against Hines under the theory of negligence set forth in *Carver,* which held tavern operators to a duty of due care in serving intoxicants to obviously intoxicated persons. *Carver* applies because this cause of action arose prior to the effective date of § 537.053, RSMo 1986, which specifically abrogates the holding of *Carver.* Section 537.053 is not to be applied retroactively. *Lambing v. Southland Corp.,* 739 S.W.2d 717, 718[1] (Mo. banc 1987).

The summary judgment in favor of Hines was improper because questions of fact remain which are necessary to a determination of whether Hines was a social host, thus not subject to liability, *see Childress v. Sams,* 736 S.W.2d 48, 49–50[1] (Mo. banc 1987); *Harriman v. Smith,* 697 S.W.2d 219 (Mo.App.1985), or a seller of intoxicants by the drink.

Hines's affidavit stated the party was not held to generate a profit. However, in his deposition he stated the party was to make money for his band. Hines stated he printed and distributed tickets, which required a "donation" of $6 in advance, $7 at the door. He printed flyers advertising the party, and distributed these to his friends. Hines said he considered the admission a donation because the lease agreement prohibited charging admission.

■ On remand, Hines must be classified as either having been a social host or the equivalent of a tavern operator. *See Andres v. Alpha Kappa Lambda Fraternity,* 730 S.W.2d 547, 551–552 n. 11 (Mo. banc 1987). Hines's charging of an admission does not remove him from the classification of a social host, if the fee charged was only nominal to cover reimbursement,

and not because of a commercial motive. *Childress v. Sams,* 736 S.W.2d at 50[1].

■ As to plaintiffs' claim against Bomars, summary judgment was properly granted. Plaintiffs alleged Bomars sold intoxicants through their renter, Hines. They contend Bomars had a duty to individuals injured by intoxicated guests because Bomars should have been, but were not licensed to sell alcoholic beverages; they exposed for sale alcoholic beverages through Hines; and they had a duty to control the activities of Hines as a lessee.

Bomars rented the hall to Hines for a flat fee of $150 for the one night. Bomars did not provide any services to Hines involved with the dispensing of alcohol, nor provide him with the beer served. Bomars were in the business of renting a banquet hall only. They were not directly or indirectly in the business of selling alcoholic beverages. *Cf. Fabian v. Polish American Veterans,* 126 Ill.App.3d 80, 81 Ill.Dec. 437, 439, 466 N.E.2d 1239, 1241[3] (1984) (under Illinois dram shop statute, Association in business of leasing banquet hall not a seller of intoxicating liquor within meaning of statute).

■ Nor did Bomars possess a civil duty created by the Missouri liquor control licensing statutes. Plaintiffs do not argue a duty based on negligence per se. Instead, they contend the licensing statutes express a public policy that providers of alcohol who are in violation of the licensing statutes should be held liable for the injuries caused by individuals they have served. They allege Bomars breached the specific licensing requirements of § 311.050 and § 311.480, RSMo 1986. Regardless of whether Bomars should have possessed a liquor license, these provisions were not intended to create a common law duty. The licensing statutes are regulatory in nature, and do not express a policy to create liability for the injuries caused by an intoxicated person served alcohol by a party not possessing a required license. *See* §§ 311.050; 311.480, RSMo 1986.

Plaintiffs did not allege, or counter Bomars' motion for summary judgment with, facts that would show actual participation of Bomars in the party. The only fact mentioned is Hines believes he saw Mr. Bomar at the party for a few minutes around 11 p.m. to inspect the premises. Bomars prohibited Hines from serving alcohol to minors in the lease. They were not liable for the negligent acts of their lessee, Hines. *Panke v. Shannon*, 207 S.W.2d 854, 857[4] (Mo.App.1948), rev'd on other grounds 357 Mo. 1195, 212 S.W.2d 792 (1948). Plaintiffs have not cited, nor have we found, any case under a common law theory where a lessor has been held liable for the injuries caused by minors or intoxicated persons served alcohol by a lessee. The summary judgment in favor of Bomars is affirmed.

Summary judgment in favor of Hines is reversed and remanded. As to Bomars, the summary judgment in their favor is affirmed.

CRANDALL, P.J., and REINHARD, J., concur.