Affirmed and Memorandum Opinion filed December 11, 2008








Affirmed and Memorandum Opinion filed December 11, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00009-CR

____________

 

GERARDO RIOS CABRERA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 1082603

 



 

M  E M O R A N D U M   O P I N I O N

A jury found appellant, Gerardo Rios Cabrera, guilty of
aggravated robbery and assessed punishment at thirty-five years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  See
Tex. Penal Code Ann. ' 29.03(a)(2) (Vernon 2003).  In three
issues, appellant argues (1) the evidence is legally insufficient to find
appellant used or exhibited a deadly weapon during the offense, (2) the
evidence is factually insufficient to support his conviction, and (3) the trial
court erred when it denied his motion to suppress an allegedly suggestive
pretrial photograph identification of appellant in violation of his due process
rights.  We affirm.








Factual and Procedural History

On August 29, 2006, Gabriel Villareal, the complainant, was
robbed at gunpoint.  While waiting at a construction site, an older model blue
Dodge Ram Charger sport utility vehicle (S.U.V.) drove up to Mr. Villareal=s vehicle and
blocked him in.  The driver of the S.U.V. began a conversation with Mr.
Villareal.  Subsequently, the passenger, later identified as appellant, exited
the S.U.V. and approached Mr. Villareal=s vehicle with a
firearm in his hand, and tried to open the door to Mr. Villareal=s vehicle.  Upon
appellant ordering Mr. Villareal to open the door, Mr. Villareal rolled his
window down slightly and threw out an envelope containing over one thousand
dollars in cash.  Appellant took the envelope containing the money and demanded
Mr. Villareal give him his cellular phone and keys to his vehicle.  Mr.
Villareal complied, handing appellant two cellular phones and his keys. 
Thereafter, appellant and the driver left rapidly in the S.U.V.  Mr. Villareal
observed the license plate number of the S.U.V. while it drove away.  The
firearm was never recovered.

Officer Christopher Garza located the S.U.V. several hours
after the offense using a global positioning satellite available through Mr.
Villareal=s cellular phone provider.  The police tried to
conduct a traffic stop on the S.U.V., upon which the vehicle fled at a high
rate of speed.  During the pursuit, the driver exited the vehicle and was taken
into custody.  When the driver exited, appellant slid into the driver=s seat and
continued to flee.  Appellant soon lost control of the vehicle and was
apprehended by police.  The following day, Mr. Villareal identified appellant
from a photo array as the person who robbed him at gunpoint the prior day.  Mr.
Villareal also identified the driver of the S.U.V. in a line-up as the person
driving during the offense. 








Before trial, appellant filed a AMotion for
Identification Hearing@ and a AMotion to Suppress
Illegal Identification.@  The trial court conducted a pretrial
identification hearing outside the presence of the jury in which Mr. Villareal
and Officer Garza testified.  Officer Garza testified he prepared the photo
array and Mr. Villareal testified he picked appellant out of the photo array. 
Finding the photo array not improperly suggestive in nature and not improperly
influencing Mr. Villareal with regard to the identification, the trial court
overruled appellant=s motion to suppress.  During trial, Mr.
Villareal testified regarding the pretrial photo identification and also
identified appellant in open court as the man who robbed him at gunpoint.  The
jury found appellant guilty of aggravated robbery and assessed his punishment
at thirty-five years= confinement in the Institutional Division
of the Texas Department of Criminal Justice. 

Discussion

A.      Is the
evidence legally and factually sufficient?

In his second and third issues, appellant contends the
evidence is legally insufficient to find he used or exhibited a deadly weapon
during the offense and the evidence is factually insufficient to support his
conviction.  We disagree.

1.       Standard
of Review

In a legal sufficiency review, we view all the evidence in
the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.
2781, 2789, 61 L.Ed.2d 560 (1979); Salinas v. State, 163 S.W.3d 734, 737
(Tex. Crim. App. 2005).  The jury, as the sole judge of the credibility of the
witnesses, is free to believe or disbelieve all or part of a witness= testimony.  Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  We do not engage in
a second evaluation of the weight and credibility of the evidence, but only
ensure the jury reached a rational decision.  Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784
(Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).








In a factual sufficiency review, we consider all the
evidence in a neutral light.  Prible v. State, 175 S.W.3d 724, 730-31
(Tex. Crim. App. 2005).  The evidence may be factually insufficient in two
ways.  Id. at 731.  First, when considered by itself, evidence
supporting the verdict may be so weak the verdict is clearly wrong and
manifestly unjust.  Id.  Second, where the evidence both supports and
contradicts the verdict, the contrary evidence may be strong enough the
beyond-a-reasonable-doubt standard could not have been met.  Id.  In
conducting a factual sufficiency review, we must employ appropriate deference
so we do not substitute our judgment for that of the fact finder.  Jones v.
State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).  Our analysis must
consider the evidence appellant claims is most important in allegedly
undermining the jury=s verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

2.       Analysis

A person commits the offense of robbery if, in the course
of committing theft, and with intent to obtain or maintain control of the
property, the person intentionally or knowingly threatens or places another in
fear of imminent bodily injury or death.  Tex. Penal Code Ann. ' 29.02(a)(2)
(Vernon 2003).  Robbery becomes aggravated when a person commits robbery and
uses or exhibits a deadly weapon.  Tex. Penal Code Ann. ' 29.03(a)(2).

The direct evidence supporting the jury=s finding that
appellant used a deadly weapon is demonstrated through the complainant=s testimony.  Mr.
Villareal testified appellant approached his vehicle with a firearm in his
hand, and held the firearm in his right hand when he tried to open Mr.
Villareal=s door.  Mr. Villareal also testified he feared being
shot by appellant and thus gave appellant his money and the property appellant
demanded, specifically his cellular phones and vehicle=s keys.  








Appellant argues the inability of the police to recover the
weapon used in the offense makes the evidence legally insufficient to prove
appellant used or exhibited a firearm.  The failure of the police to find the
weapon does not indicate appellant did not use or exhibit the firearm during
the offense.  Many hours passed from the time of the offense and the
apprehension of appellant.  Appellant had ample time to discard the weapon. 
The jury is the sole judge of the facts, the credibility of the witnesses, and
the weight to be given the evidence.  Wyatt v. State, 23 S.W.3d 18, 30
(Tex. Crim. App. 2000).  The jury is entitled to conclude from the testimony at
trial that appellant used or exhibited a firearm during the offense.

Appellant contends the lack of corroboration of the
complainant=s identification of appellant makes the conviction
factually insufficient.  He argues the inability to recover the complainant=s cellular phones,
the cash, and the keys demonstrates the insufficiency of the evidence proving
the identification.  This conclusion is misplaced.  A conviction may be
supported by the testimony of only one witness.  Aguilar v. State, 468
S.W.2d 75, 77 (Tex. Crim. App. 1971).  Mr. Villareal identified appellant as
the perpetrator in a photo array, as well as in open court during trial, and
the jury is entitled to believe his testimony=.  See Jones,
984 S.W.2d at 258 (holding a jury may believe or disbelieve all or part of any
witness= testimony and
decide the weight and credibility to attribute to the witness= testimony).  Further
circumstantial evidence to support appellant=s conviction was
presented through Officer Garza=s testimony.  Officer Garza testified
appellant fled in the vehicle matching the description the complainant gave to
police.  Appellant cites to King for the proposition that flight from
the scene of a crime is alone not enough to establish guilt.  See King v.
State, 638 S.W.2d 903, 904 (Tex. Crim. App. 1982).  However, appellant=s flight was not
the only evidence supporting his conviction.  The complainant=s identification
alone is enough to support appellant=s conviction, and
appellant=s flight from the scene of the crime serves as
additional circumstantial evidence of his guilt.  See Fentis v. State,
582 S.W.2d 779, 781 (Tex. Crim. App. 1976) (holding evidence of flight
connected with the offense is relevant as a circumstance bearing upon guilt).








Viewing the evidence in the light most favorable to the
verdict, we hold the evidence is legally sufficient to support appellant=s conviction for
aggravated robbery because any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  See Salinas,
163 S.W.3d at 737.  Viewing the evidence in a neutral light, we hold the
evidence supporting the verdict is neither so weak the verdict is clearly wrong
and manifestly unjust, nor is the contrary evidence so strong the
beyond-a-reasonable-doubt standard could not have been met.  See Prible,
175 S.W.3d at 730-31.  Thus, the evidence is factually sufficient to support
appellant=s conviction.  We overrule appellant=s second and third
issues.

B.      Did the
trial court err by denying appellant=s motion to
suppress an allegedly suggestive pretrial photograph identification?

In his first issue, appellant contends the trial court
committed reversible error by denying his motion to suppress an allegedly
suggestive pretrial photograph identification which tainted the in-court
identification of appellant in violation of his due process rights as
guaranteed by the United States and Texas constitutions.  Appellant filed a
pretrial motion to suppress evidence of an allegedly suggestive photographic
identification.  After a hearing, the trial court denied appellant=s motion to
suppress.  At trial, Mr. Villareal identified appellant in open court and
testified regarding the pretrial photo identification.  Appellant objected to
the references to the pretrial photo identification, but failed to object to
the in-court identification of appellant by Mr. Villareal.








Texas courts stringently apply the contemporaneous
objection rule in the context of improper identification.  Perry v. State,
703 S.W.2d 668, 670 (Tex. Crim. App. 1986), citing, Stokes v.
Procunier, 744 S.W.2d 475, 481 (5th Cir. 1984).  Though in his pretrial
objection appellant challenged the propriety of the out-of-court
identification, he did not argue that Mr. Villareal should be prohibited from
making an in-court identification.  These are distinct arguments requiring
separate objections.  See Wallace v. State, 75 S.W.3d 576, 584 (Tex.
App.CTexarkana 2002),
aff=d on other
grounds, 106 S.W.3d 103 (Tex. Crim. App. 2003) (holding an objection to an
out-of-court photo array does not preserve for appellate review any complaint
regarding the in-court identification).  Failure to object at trial to the
in-court identification of appellant waives the complaint on appeal.  See
Tex. R. App. P. 33.1(a); Perry v. State, 703 S.W.2d at 670-71; Newsome
v. State, 703 S.W.2d 750, 753-54 (Tex. App.CHouston [14th
Dist.] 1985, no pet.)  Here, appellant did not object to Mr. Villareal=s in-court
identification of appellant; thus, no error is preserved.  Accordingly, we
overrule appellant=s first issue.

Conclusion

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 11, 2008.

Panel consists of
Justices Anderson, Frost, and Senior Justice Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).