Lynn Eugene LEIMKUEHLER,
Plaintiff–Appellant,

v.

Michael Everett MYERS, and Darlene
Johnson, Defendants–Respondents.

No. WD41446.

Missouri Court of Appeals,
Western District.

Oct. 10, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 28, 1989.

James A. Rahm, Rahm and Crawford, Carrollton, for plaintiff-appellant.

Robert G. Russell, Wesner, Kempton and Russell, Sedalia, Robert L. Rasse, Rasse & Rasse, Marshall, for defendants-respondents.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Lynn Eugene Leimkuehler brought suit against Michael Everett Myers and Darlene Johnson for injuries he sustained in an automobile accident. The court dismissed the petition for failure to state a cause of action. Affirmed.

The petition alleged that Leimkuehler was a passenger in an automobile operated by Clark Iman who was under the age of 21. The petition alleged that Myers was also a passenger in the automobile and that he was over 21. It was alleged that on December 30, 1982, Myers negligently purchased intoxicating beer or liquor from Johnson, who operated a package liquor store. The petition further alleged that Iman was intoxicated when Myers made the purchase.

The petition alleged that Johnson was negligent in selling intoxicating beer or liquor to Myers knowing that it was to be consumed by Iman who was under the age of 21.

It was alleged that Iman consumed the intoxicating beer or liquor purchased by Myers and thereafter drove his automobile in an intoxicated condition and drove off the traveled portion of the road and overturned causing serious injury to Leimkuehler.

Leimkuehler contends that the petition stated a cause of action against Myers and Johnson on common law principles and under § 311.310, RSMo 1986.

■ In *Harriman v. Smith,* 697 S.W.2d 219, 221 (Mo.App.1985), it was stated that no cause of action existed at common law against one who furnished, by sale or gift, intoxicating liquor to a person who became voluntarily intoxicated and thereafter injured another. The common law theory was that the consumption of alcohol, and not the supplying thereof, was the proximate cause of injury. *Harriman* was approved in *Andres v. Alpha Kappa Lambda Fraternity,* 730 S.W.2d 547, 553 (Mo. banc 1987). Under the common law it was the consumption by Iman of intoxicating beverage and his voluntary intoxication which was the proximate cause of the injury suffered by Leimkuehler and not the supplying of such beverage to Iman by Myers. For that reason the petition did not state a cause of action against Myers on common law principles.

■ Nor did the petition state a cause of action against Myers under § 311.310, RSMo 1986, because *Harriman* held that such section does not give rise to a civil cause of action against non-business dispensers. Myers was a non-business dispenser because he did not have a license to sell liquor by the drink. *Harriman* stated that legislative failure "to define and expound on the duties of nonbusiness dispensers under the Liquor Control Law is

indicative of its intent that they not be held civilly liable under § 311.310." *Id.* at 223[3]. Thus, *Harriman* held that any liability under § 311.310 would be limited to those licensed to sell intoxicating beverages.[1] Therefore, there is no cause of action against Myers under § 311.310.

With reference to Johnson, the common law rule discussed above would shield her from liability for supplying the intoxicating beverages. Nor is she liable under § 311.310. *Lambing v. Southland Corp.*, 739 S.W.2d 717, 719[2] (Mo. banc 1987). In *Lambing,* the court held that even if § 311.310 gave rise to a civil cause of action, such cause of action has been limited to tavern owners who dispense alcoholic beverages by the drink. *Lambing* stated that no case has extended liability to package liquor store owners, either under § 311.310, or on common law tort principles.

The petition failed to state a cause of action against Myers or Johnson under § 311.310 or on common law principles. The court correctly dismissed the petition.

The judgment is affirmed.

SHANGLER, J., concurs.

KENNEDY, J., concurs in separate concurring opinion.

KENNEDY, Judge, concurring.

It may be that the statute and the cases cited by the majority have erected around the negligent supplier of intoxicants (on the fiction that the negligent furnishing of intoxicants is as a matter of law not in any degree a contributing cause of injury suffered by a third person on account of the intoxication of the person to whom the intoxicants were furnished) an impregnable defense against liability.

None of the cases or statutes, however, have dealt with the precise situation we have in the case now before us, at least with respect to defendant Myers.

In this case (according to the allegations of the petition) Iman, the driver of the motor vehicle later involved in the accident in which plaintiff Leimkuehler was gravely injured, was a minor and was also intoxicated. On either count he was disqualified from purchasing intoxicants. Defendant Myers, a passenger in the car, was over 21 years of age and presumably sober. He went into defendant Johnson's package liquor store and purchased the intoxicating beverage and furnished it to Iman. Iman then was involved in the accident, to which his intoxication contributed. Plaintiff Leimkuehler, another passenger in the car with Iman and Myers, sustained serious injuries.

It seems to me that proof of the foregoing facts in the absence of an affirmative defense should entitle Leimkuehler to recover against Myers. I do not think that any Missouri case or statute absolutely forecloses recovery in this situation. For that reason, I am unable to give my wholehearted concurrence in the majority opinion that affirms the dismissal of Leimkuehler's petition against Myers, but concur only with very strong doubt.[1]

As to Johnson, the package store proprietor, I suppose that every avenue of liability has been sealed off. The statute and cases seem to say that if Johnson had sold the intoxicating beverage to Iman directly, knowing he was a minor, knowing he was intoxicated, and knowing he was driving an automobile with other youthful occupants, she would be insulated from liability to any person who was injured by reason of Iman's intoxication. If Johnson could not be held liable where she had sold the liquor directly to Iman, she could not be held

---

**1.** Section 537.053, RSMo 1986, became effective September 28, 1985. That section provides limited liability against businesses licensed to sell intoxicating liquor by the drink for consumption on the premises. Therefore, such section would have no applicability in this case. Furthermore, the events here occurred in 1985 and *Andres* held that such section is not retroactive.

**1.** Query: If Myers had been injured, could his furnishing intoxicants to Iman have been submitted as comparative negligence in his claim against Iman? Presumably not, since the causation link has been severed by statute and by judicial decision.

liable where she had sold the liquor to an intermediary.