**Chad SMITH, Plaintiff–Appellant,**

v.

**Chandler GREGG, Defendant,**

and

**Sandy Cato and Natalie Holden, Defendants–Respondents.**

**No. 21431.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 18, 1997.

Mark E. Fitzsimmons, Rodney H. Nichols, Fitzsimmons, Schroeder & Nelson, P.C., Springfield, for plaintiff-appellant.

Jerry L. Reynolds, Reynolds & Conway, P.C., Springfield, for defendants-respondents.

PARRISH, Judge.

Chad Smith (plaintiff) appeals an order dismissing three counts of a five-count petition for failure to state causes of action for negligent supervision. The trial court found no just reason for delay and entered judgment as to Counts III, IV and V of plaintiff's petition for defendants Sandy Cato and Natalie Holden. This court affirms.

In determining if a petition states a cause of action, all facts that are properly pleaded and all reasonable inferences that may be drawn therefrom are taken as true. *Murphy v. A.A. Mathews,* 841 S.W.2d 671, 672 (Mo. banc 1992). If facts essential to recovery are not pleaded, the dismissal will be affirmed. *Bradley v. Ray,* 904 S.W.2d 302, 314 (Mo.App.1995).

"Negligent supervision, like any other tort, involves a breach of a duty defendant owes plaintiff which causes plaintiff to suffer damages." *Smith, by and through Smith v. Archbishop of St. Louis,* 632 S.W.2d 516, 521 (Mo.App.1982). To be liable for negligence there must have been (1) a duty for the defendant to have protected plaintiff from an injury; (2) the defendant's failure to perform the duty; and (3) injury to plaintiff as a result of that failure. *Biscoe v. Kowalski,* 290 S.W.2d 133, 138 (Mo.1956).

Plaintiff's petition alleges that defendants Natalie Holden, Sandy Cato and Chandler Gregg were hosts for a graduation party the evening of May 23, 1996; that the party extended into the morning hours of May 24, 1996. The party was held at Ms. Cato's residence. It alleges that Chandler Gregg consumed alcoholic beverages provided at the party and became intoxicated and belligerent; that he struck plaintiff with his fists "knocking him unconscious on the roadway." The petition alleges that after plaintiff was rendered unconscious, defendant Gregg smashed plaintiff's face into the roadway; that plaintiff sustained serious injuries from the actions by defendant Gregg and incurred substantial medical bills as a result of the injuries.

Count III of plaintiff's petition is brought against defendant Cato. It alleges that she permitted her children to have the party at which plaintiff was injured; that a keg of beer was supplied for which visitors paid $3.00 each and another alcoholic beverage was supplied for the guests' consumption. Most of the guests were under 21. Defendant Holden was 20, defendant Gregg 18, and plaintiff 17 on the date of the party.

The petition alleges, as "the information and belief of Plaintiff," that defendant Cato "was in the home during the party, but re-mained in a closed room and failed to undertake any act to supervise the conduct of her children [Ryan Holden and defendant Natalie Holden] or the guests at the party during the evening of May 23, 1996 and the early morning of May 24, 1996."

Plaintiff's petition alleges that certain events occurred inside defendant Cato's home; that plaintiff and defendant Gregg "exchanged hostile words and went into the yard of Mrs. Cato. Plaintiff left the party and was returning when the continuation of the disagreement took place on the street in front of the residence owned by Defendant, Sandy Cato." It asserts:

A special legal relationship existed between Plaintiff and Defendant, Sandy Cato, on the evening of May 23, 1996 and continuing into the early hours of May 24, 1996, in that Plaintiff knew Natalie Holden and Ryan Holden, who were having the party and serving alcohol to minors with the knowledge of Defendant, Sandy Cato; Plaintiff was a friend of Ryan Holden's; Plaintiff was invited to the party by Ryan Holden; Plaintiff was among those persons receiving oral invitations to the party; and there was a general invitation to the party issued at school in the school parking lot by Ryan Holden, and it is the information and belief of Plaintiff that Defendant, Sandy Cato, knew of this general invitation.

The petition alleges in Count III that defendant Cato was negligent in the following respects:

(a) failure to supervise the party to insure that alcohol was not served to minors:

(b) failure to supervise the party and to provide security against violent conduct; and

(c) failure to terminate the party after a visit by the Christian County Sheriff's Department.

Count IV of plaintiff's petition is brought against defendant Natalie Holden. The allegations in Count III are again made in Count IV with respect to defendant Holden, including the allegation of the existence of a special

relationship with plaintiff. Count IV alleges as to defendant Holden:

.    .    .    .    .

4. Defendant Holden failed to supervise the party to insure that violent acts were not undertaken and failed to protect Plaintiff from the violent acts of Defendant, Chandler Gregg.

5. *Defendant, Natalie Holden, collected Three Dollars ($3.00) from each of the attendees as payment for all of the beer they cared to drink out of a keg. Defendant Holden knew, or reasonably should have known that many of the attendees who consumed alcohol, including Defendant, Chandler Gregg, were under the age of twenty-one (21).*

6. There was a special relationship between Defendant, Natalie Holden, and Plaintiff in that Plaintiff knew Natalie Holden; Plaintiff was a friend of Ryan Holden who was co-sponsoring the party with Ryan [sic] Holden and is her brother; Defendant Natalie Holden's brother, Ryan Holden, invited Plaintiff to the party; Plaintiff was one of the guests receiving a verbal invitation; there was a general invitation to the party issued in the school parking lot by Ryan Holden, and it is the information and belief of Plaintiff that Defendant, Natalie Holden, knew of this general invitation.

.    .    .    .    .

8. The conduct of Defendant, Natalie Holden, was negligent in the following respects:

(a) Defendant Holden failed to supervise the party to insure that alcohol was not served to those under the age of twenty-one (21);

(b) Defendant Holden failed to supervise the party and provide security to prevent outbreaks of violence at the party; and

(c) Defendant Holden sold intoxicating liquor to those under the age of twenty-one (21) in violation of RSMo. § 311.310 to an obviously intoxicated person.

(d) Defendant Holden supplied alcohol to people she knew to be under the age of twenty-one (21).

Count V is against defendants Chandler Gregg, Sandy Cato and Natalie Holden. In addition to the allegations pleaded in the other counts, it alleges those defendants "engaged in a joint venture" in holding the graduation party. It pleads, "As joint venturers," they "are jointly and severally liable for each others acts of negligence...."

Defendants Natalie Holden and Sandy Cato filed motions to dismiss the counts of the petition applicable to them "for the reason that the petition and each applicable count thereof fails to state a claim upon which relief can be granted and wholly fails to state sufficient facts to constitute a cause of action...." The trial court granted the motions.

Plaintiff's appellate brief makes one allegation of trial court error. It alleges the trial court erred by granting the motions to dismiss "in that plaintiff's petition alleges all of the necessary elements of negligent supervision." The allegation of error, plaintiff's "point relied upon", does not, however, meet the requirements of Rule 84.04(d). The rule requires points relied on to "state briefly and concisely what actions or rulings of the court are sought to be reviewed *and wherein* and why they are claimed to be erroneous." [Emphasis added.]

▬ "Rule 84.04(d) requires 'points relied on' to state what action or ruling of the trial court is claimed to be erroneous, why it is erroneous, and what was before the trial court that would have supported taking the action that the party appealing contends should have been taken." *Sertoma Bldg. Corp. v. Johnson,* 857 S.W.2d 858, 859 (Mo. App.1993). The ruling about which plaintiff complains is the granting of the motions to dismiss. Plaintiff's point asserts the ruling was erroneous because the "petition alleges all of the necessary elements of negligent supervision." It fails, however, to state wherein the ruling was erroneous. It does not identify what provisions of the pleading would support the ruling plaintiff contends the trial court should have made, viz., that Counts III, IV and V of the petition stated causes of action for negligent supervision.

Notwithstanding that failure, this court may, in its discretion, "look to the argument portion of the brief ... for the purpose of determining whether there has been plain error affecting substantial rights which, though not properly preserved, may have resulted in a manifest injustice or a miscarriage of justice." *Hoffman v. Koehler,* 757 S.W.2d 289, 292 (Mo.App.1988).

The argument portion of plaintiff's brief is directed to the trial court's failure to find that the petition pleaded facts showing the existence of a duty owed by defendants Cato and Holden. It contends the facts pleaded disclosed existence of "a special relationship" that established a duty for those defendants to have protected plaintiff from the injuries he claims he sustained.

Plaintiff's claims are founded on assertions that his injuries occurred because the defendants in Counts III and IV failed to prevent alcohol from being served to those at the party under the age of 21 and because security was not provided that would have prevented outbreaks of violence. Plaintiff also asserts, with respect to his claim in Count IV, that defendant Natalie Holden breached the duty established by the special relationship he asserts existed by selling intoxicating liquor to persons under the age of 21 who attended the party and by supplying alcohol to persons under 21.

To state a cause of action, plaintiff's petition must contain allegations of fact that support his conclusion that a special relationship existed. *Tri–County Human Development Corp. v. Tri–County Group XV, Inc.,* 901 S.W.2d 308, 310 (Mo.App.1995). "A petition which contains only conclusions and not ultimate facts or any allegations from which to infer those facts, is properly dismissed." *Id.*

Plaintiff pleaded existence of a special relationship because defendants Cato (Count III) and Holden (Count IV) knew he was among those persons to whom verbal invitations to attend the party were issued. He asserts that because Cato "knew Natalie Holden and

Ryan Holden [Cato's children] ... were having the party and serving alcohol to minors," a special relationship existed between her and plaintiff. He asserts that a special relationship existed between him and Natalie Holden because she was a co-sponsor of the party.

*Andres v. Alpha Kappa Lambda Fraternity,* 730 S.W.2d 547 (Mo. banc 1987), involved an argument similar to that made by plaintiff. The plaintiffs in *Andres* asserted that because § 311.310, RSMo 1986,[1] made it unlawful to furnish alcoholic beverages to persons under 21 years of age, they had a civil cause of action for damages related to their 19-year old son's death. They sought recovery from, among others, the hosts of the party where he had been provided alcoholic beverages. The court held, "[I]t does not necessarily follow that civil liability can be imposed though there may have been a violation of the criminal statute." *Id.* at 550. *Andres,* relying on and following the reasoning set forth in *Harriman v. Smith,* 697 S.W.2d 219 (Mo.App.1985), holds there is no civil cause of action against social hosts for providing alcohol to minor guests. 730 S.W.2d at 553.

As explained in Ford, *Alcohol Supplier's Liability in Missouri,* 45 J.Mo.Bar 193 (1989), the court in *Harriman* recognized the common law prohibition against imposing civil liability on social hosts for damages related to a guest's consumption of alcoholic beverages. *See* 45 J.Mo.Bar at 196. Ford explained:

In between the pure social host, who provides liquor in his home without cost, and the liquor licensee, who sells liquor by the drink for profit at a tavern, are a range of "intermediate status" liquor providers. In *Andres v. Alpha Kappa Lambda Fraternity,* a fraternity had a "mixer" with a sorority at which alcohol was served to fraternity members and guests without respect to their age. The alcohol served at the mixer was purchased with funds from the fraternity treasury, which was comprised of dues paid by the members. The

---

1. The 1994 revision of § 311.310, in effect at the time applicable herein, remains, in substance, the same as the 1986 revision of the statute.

Missouri Supreme Court rejected a characterization of the fraternity as having some "intermediate status" between a social host and a liquor licensee. The Court followed the rationale and ruling of *Harriman* and concluded that social hosts are not civilly liable for damages caused by furnishing alcoholic beverages.

*Id.* [footnotes omitted.]

■■■■ This court agrees with Ford's evaluation of the holding in *Andres*. Plaintiff, in alleging "a special relationship" between plaintiff and defendant Cato in Counts III and V and plaintiff and defendant Natalie Holden in Counts IV and V, undertook to impose liability on those defendants as social hosts for, among other things, providing alcoholic beverages to minors. Plaintiff predicates the alleged liability on those defendants having an intermediate status, a special relationship with plaintiff, that imposed a duty on them to not provide minor guests with alcoholic beverages and not permit minor guests to consume alcoholic beverages. To find that such a duty exists would be contrary to *Andres*. *See also Childress v. Sams*, 736 S.W.2d 48, 50 (Mo. banc 1987). To the extent plaintiff's petition attempts to allege negligence based on failure to supervise the party to insure alcoholic beverages were not served to minors and supplying liquor to minors, it is deficient in that, as a matter of law, the petition fails to plead facts that demonstrate existence of a duty that would support an action for negligence.

The remaining allegation by which plaintiff attempts to allege facts that demonstrate a duty and breach of duty sufficient to maintain an action for negligent supervision relates to failure to supervise the party and provide security that would have protected plaintiff from the assault he alleges occurred in the street outside the residence where the party was held. He alleges negligence in defendants Cato and Natalie Holden's failure to provide supervision that would have prevented "outbreaks of violence at the party" and failing to terminate the party after an alleged "visit by the Christian County Sheriff's Department."

The Restatement (Second) of Torts § 315 (1965) states:

There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

(b) a special relation exists between the actor and the other which gives to the other a right to protection.

Comment c to § 315 explains, "The relations between the actor and a third person which require the actor to control the third person's conduct are stated in §§ 316–319." Section 316 states the duty imposed on a parent to exercise "reasonable care so to control" conduct of the parent's minor child. Section 317 states the duty of a master "to exercise reasonable care" to control his servant in circumstances that would create unreasonable risks of bodily harm to others. Section 319 relates to a duty imposed on one who takes charge of a third person who is known or should have been known was likely to cause bodily harm to others if not controlled. The circumstances to which §§ 316, 317 and 319 relate do not exist in this case.

Section 318, however, addresses when a possessor of land has a duty to control the conduct of a licensee. It states:

If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor

(a) knows or has reason to know that he has the ability to control the third person, and

(b) knows or should know of the necessity and opportunity for exercising such control.

■■■■ Both Chandler Gregg, the person plaintiff alleges assaulted him, and plaintiff were social guests at the party. For purposes of considering liability of the possessor of the premises where the party took place,

 

Chandler Gregg and plaintiff were licensees. *Carter v. Kinney,* 896 S.W.2d 926, 928 (Mo. banc 1995). *See* Restatement (Second) of Torts § 330 comment *h* 3 (1965). Plaintiff's claims that defendant Cato and defendant Natalie Holden are liable are founded on those defendants having been in possession of the premises where the party was held.

Plaintiff's petition alleges existence of a special relationship among him, as a social guest, and defendants Cato and Natalie Holden as possessors of the property. He alleges he was assaulted by another guest, one of the honorees for whom the party was given, Chandler Gregg. Chandler Gregg was "a third person" who these defendants permitted to use the premises where the party was held. As explained by § 318 of the Restatement, a duty to prevent Chandler Gregg from intentionally harming others existed only if these defendants (a) knew or had reason to know that they had the ability to control Chandler Gregg *and* (b) knew or should have known "of the necessity and opportunity for exercising such control."

Plaintiff's petition makes no allegations that these defendants had the ability to control Chandler Gregg. Neither does it reveal that either of the defendants knew or should have known there was any necessity for them to exercise control even if they possessed that ability. The petition does not reveal an opportunity for control to have been exercised in that it alleges plaintiff left the party, after having exchanging "hostile words" and before the altercation that produced his injuries occurred, "and was returning when the continuation of the disagreement took place on the street in front of the residence owned by Defendant, Sandy Cato."

Accepting as true the facts plaintiff pleaded and all reasonable inferences therefrom, *see Madden v. C & K Barbecue Carryout, Inc.,* 758 S.W.2d 59, 61 (Mo. banc 1988), Counts III, IV and V fail to state claims with respect to defendants Cato and Natalie Holden upon which relief can be granted. The facts pleaded do not reveal any duty by these defendants to have protected plaintiff from the injuries he alleges he sustained. The judgment is affirmed.

CROW, P.J., and SHRUM, J., concur.