**Robert GABELSBERGER and Bonita Gabelsberger, Appellants,**

**v.**

**J.H., et al., Defendant;**

**Douglas Peters, Respondent.**

No. WD 63222.

Missouri Court of Appeals, Western District.

April 20, 2004.

Raymond P. Bozarth, Jefferson City, MO, for appellants.

Charles C. Schwartz, Jr., St. Louis, MO, for Respondent.

Before RONALD R. HOLLIGER, P.J., ROBERT G. ULRICH and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, Judge.

Robert and Bonita Gabelsberger appeal the judgment of the trial court granting Douglas Peters' motion to dismiss for failure to state a cause of action. The Gabelsbergers filed suit against Douglas Peters, older than twenty-one years, alleging that he sold intoxicants to J.H., a minor, knowing that he was a minor, who, ingesting the beverage, became intoxicated, drove a motor vehicle, and negligently crossed the center line of the highway striking the vehicle then driven by their daughter, Leslie Gabelsberger, killing her. The Gabelsbergers contend that the trial court erred in classifying Mr. Peters as a "social host," and, thus, finding him not legally liable for the death of Leslie. They also contend that the facts alleged in their petition support classifying Mr. Peters as a seller of alcohol to minors and, thus, liable for the consequences of the minor's ingesting the beverages and becoming intoxicated, which directly resulted in the death of their daughter.

The judgment is affirmed.

## Facts Alleged in Plaintiffs' Petition

The Gabelsbergers' petition asserts fourteen counts against several defendants invoking the provisions of Missouri's Wrongful Death Statute, section 537.080, RSMo 2000. Count three applies to Mr. Peters and alleges that he was older than twenty-one years of age when he sold two packs of beer, each containing thirty beers to Defendant, M.G., a minor. Mr. Peters was convicted of violating section 311.310, RSMo 1994, selling intoxicating liquor to a minor, a misdemeanor. The petition further asserts that Defendant J.H. gave money to Defendant M.G. sufficient to purchase the intoxicant, which was then used by Mr. Peters to buy the beer knowing that both Defendants J.H. and M.G. were minors and that they would consume it. The petition further asserts that Defendant J.H. consumed the intoxicant, which directly and proximately resulted in his intoxication and the death of the Gabelsbergers' daughter. The petition also asserts that Mr. Peters knew or should have known that the two minors intended to consume the intoxicants for the purpose of becoming intoxicated to the extent that their driving ability would be and was impaired.

## Standard of Review

The standard for reviewing a motion to dismiss for failure to state a claim upon which relief can be granted is as follows:

A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to

determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Bosch v. St. Louis Healthcare Network,* 41 S.W.3d 462, 464 (Mo. banc 2001)(quoting *Nazeri v. Mo. Valley Coll.,* 860 S.W.2d 303, 306 (Mo. banc 1993)).

### Question on Review

The question considered is whether, assuming that the facts alleged in the Gabelsbergers' petition are true, Mr. Peters can be held legally liable to the parents of Leslie Gabelsberger under section 537.080, RSMo 2000, for the sale of intoxicants to a minor knowing that a second minor would ingest the beverage intending to become intoxicated and that the driving ability of the minor would be impaired to the extent that his consumption of the intoxicant directly and proximately caused him to drive a vehicle in such a negligent manner as to collide with the vehicle then being driven by Leslie, killing her.

The liability of those who provide alcohol to minors who then cause injury to third persons is addressed in several Missouri cases. In *Harriman v. Smith,* 697 S.W.2d 219 (Mo.App. E.D.1985), the Eastern District considered for the first time in this state whether common-law "dram shop" liability applied to persons who did not sell liquor to minors but who, allegedly, provided intoxicants to minors as social guests who then become intoxicated and injure third persons. The appellant in the case sought to extend the holding in *Carver v. Schafer,* 647 S.W.2d 570 (Mo.App. E.D. 1983), to include social hosts. *Harriman,* 697 S.W.2d at 220. *Carver* held that "a common law negligence action exists against a tavern owner for negligently serving liquor to an intoxicated person who

subsequently causes injury to a third person." *Id.* at 220–21 (citing *Carver,* 647 S.W.2d at 575). The Eastern District declined to extend the *Carver* holding to include social hosts explaining that social guests occupy the status of a licensee while customers of a tavern owner are business invitees and that a tavern owner has a higher duty of care than a host of a social guest. *Id.* at 221. The *Harriman* court further noted that the legislature had recently passed section 537.053, RSMo 1986, declaring in subsection 2 that cases such as *Carver* and others [1] were abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages, rather the furnishing of alcoholic beverages, to be the proximate cause of injuries inflicted upon another by an intoxicated person. *Id.* at 222. Subsection 3 of the same legislation articulated, however, that a cause of action may be brought by a third party against persons licensed to sell intoxicating liquor by the drink for consumption on the premises who have been convicted of violating section 311.310, RSMo 1986, for selling intoxicating liquor to a minor if the sale of the liquor was the proximate cause of the personal injury or death sustained by such person. *Id.* Finally, the *Harriman* court concluded that section 311.310, RSMo 1986, did not provide a civil claim for relief against social hosts. *Id.* at 223.

The Missouri Supreme Court in *Andres v. Alpha Kappa Lambda Fraternity,* 730 S.W.2d 547 (Mo. banc 1987), considered the suit by parents against a local fraternity and its national entity for the wrongful death of their son, a college student and fraternity member. The decedent died of acute alcohol intoxication resulting from alcoholic beverages furnished to members of the local fraternity without restriction

---

1. *Nesbitt v. Westport Square, Ltd.,* 624 S.W.2d 519 (Mo.App. W.D.1981); *Sampson v. W.F.* *Enters., Inc.,* 611 S.W.2d 333, 337 (Mo.App. W.D.1980);.

because of age. *Id.* at 548–49. Approximately sixty to seventy percent of the membership of the local fraternity was under the age of twenty-one years. *Id.* at 548. Neither the local nor the national fraternity had established policy governing alcohol consumption at fraternity functions by persons under the lawful drinking age of twenty-one. *Id.* The decedent's parents claimed the fraternities "negligently and carelessly allowed, permitted and condoned the serving of alcoholic beverages to minors on [fraternity] premises and negligently and carelessly failed to supervise the consumption of alcohol on [fraternity] premises." *Id.* at 549. Although the Court acknowledged that the local fraternity's providing alcoholic beverages to the decedent was illegal and a violation of section 311.310, RSMo 1986, the Court stated that the imposition of civil liability for violating the criminal statute did not necessarily result. *Id.* at 549–50. The Court engaged in a discussion of section 537.053, RSMo 1986, and the intent of the legislature to abrogate *Carver, Sampson,* and *Nesbitt* and to shield a particular class of commercial vendors of alcoholic beverages. *Id.* at 551–52. The Court adopted the rationale in *Harriman* in concluding that neither principles of common law negligence nor section 311.310, RSMo 1986, imposed a duty upon "social hosts" to abstain from furnishing alcoholic beverages to an individual under twenty-one years of age. *Id.* at 553. The court articulated reasons for its decision, citing the rationale of the Eastern District in *Harriman,* saying:

> The [Eastern District] opined that imposing liability upon social hosts would have "a substantial impact on ... everyday social and family affairs" and therefore the parameters of any duty imposed on social hosts should be determined by the legislature. Moreover, unlike commercial vendors, social hosts do not realize any pecuniary gain from the furnish-

> ing of alcoholic beverages and for this reason they likewise have no incentive to encourage excessive consumption. In addition, the typical social host lacks the expertise required to evaluate the quantity of alcohol a guest can safely consume. Lastly, commercial vendors are able to insure themselves against the risks of furnishing alcoholic beverages while such protection is not presently available to social hosts. Persuaded of the correctness of the holding in *Harriman* we conclude that respondents have failed to state a claim for relief against the [local fraternity].

*Id.* (internal citations omitted).

In 1987, the Supreme Court in *Lambing v. Southland Corp.,* 739 S.W.2d 717, 719 (Mo. banc 1987), determined that section 311.310, RSMo 1986, did not provide a basis for a civil cause of action against a package liquor store for selling intoxicants to a person who appears intoxicated and who, while in an intoxicated state, negligently drives a motor vehicle directly causing the death of another person. *Id.* at 719–20. The survivors of the person killed by an intoxicated driver sued both the package liquor store and tavern that sold liquor to the intoxicated driver even though he appeared to be intoxicated when he purchased alcoholic beverages from the two establishments. *Id.* at 717. The tragic accident occurred before the implementation of section 537.053, RSMo 1986, and the Court determined that a common law cause of action existed against the tavern owner who served alcohol to the intoxicated patron who subsequently killed the third person. *Id.* at 719 (citing *Carver,* 647 S.W.2d 570). Regarding appellant's contention that section 311.310, RSMo 1986, inferred a civil cause of action against a package liquor store, the Court stated:

Section 537.053 expresses a legislative intent to shield purveyors of intoxicants from liability for the injuries caused by their drunken patrons. Section 311.310 can no longer be read to give rise to a cause of action except under the limited circumstances provided in Section 537.053. Even were we inclined to extend common law liability to package store proprietors who knowingly sell alcohol to intoxicated customers, the passage of, and policy expressed in, Section 537.053 counsels against such a holding. *Id.* at 719–20.

This court was presented the case of *Leimkuehler v. Myers,* 780 S.W.2d 653 (Mo.App. W.D.1989), where a passenger injured in a vehicular accident while riding in an automobile operated by an allegedly intoxicated driver under the age of twenty-one years sued another passenger who had given intoxicating beverages to the driver and the operator of a package liquor store, who had sold the beverages to the sued passenger knowing that it would be consumed by the under-age driver. *Id.* at 654. This court held that consumption of intoxicating beverages and voluntary intoxication was the proximate cause of the injury in the case and not the supplying of the intoxicant to the driver by the other passenger and, thus, the petition did not state a cause of action against the other passenger on common law principles. *Id.* Furthermore, the petition did not state a cause of action against the other passenger under section 311.310, RSMo 1986, because any liability under that statute was limited to those licensed to sell intoxicating beverages and the other passenger was a non-business dispenser and did not have a license to sell liquor by the drink. *Id.* at 654–55. Finally, in finding that the appellant failed to state a cause of action against the package liquor store defendant, this court stated "that even if section 311.310 gave rise to a civil cause of action, such

cause of action has been limited to tavern owners who dispense alcoholic beverages by the drink." *Id.* at 655 (citing *Lambing,* 739 S.W.2d at 719).

Finally, the Southern District in 1997 addressed a "social host" situation in the case of *Smith v. Gregg,* 946 S.W.2d 807 (Mo.App. S.D.1997). The defendants were hosts for a May graduation party that extended into the morning hours. *Id.* The guest of honor, while in an intoxicated state, assaulted one of the guests, and the victim sued the hosts. *Id.* at 809. The court determined that the petition failed to assert that a duty existed to support an action for negligence, noting that *Andres* held that "no civil cause of action [exists] against social hosts for providing alcohol to minor guests." *Id.* at 811 (citing *Andres,* 730 S.W.2d at 553).

Relying on the allegations in the Gabelsbergers' petition, Mr. Peters received money from the minors for the purpose of purchasing alcoholic beverages for the minors knowing that they would consume the beverage to become intoxicated and that the driving ability of each would become impaired thereby imposing a danger to those encountering either if the person were driving. The Gabelsbergers argue that Mr. Peters was not a social host but a vendor of alcohol for the purposes of section 311.310, RSMo 2000, and should be held liable for violating the statute under a dram shop liability theory, section 537.053.3, RSMo 2000.

■■■ Under the common law, the consumption of alcohol by Defendant J.H. and his voluntary intoxication was the proximate cause of Leslie's death, not the furnishing of the alcoholic beverages to Defendant J.H. by Mr. Peters. *See Leimkuehler,* 780 S.W.2d at 654 (citing *Harriman,* 697 S.W.2d at 221). Thus, the Gabelsbergers' petition did not state a cause

of action against Mr. Peters on common law principles. And while Mr. Peters acquired intoxicants for the two minors after he was provided the funds by one of them to do so, he was a non-business dispenser because he did not have a license to sell liquor by the drink. As discussed in the cases above, section 537.053, RSMo 2000, expresses a legislative intent to shield purveyors of intoxicants from liability for the injuries caused by their patrons with the exception of persons licensed to sell intoxicating liquor by the drink for consumption on the premises who sell to minors. Because Mr. Peters was not a licensed tavern owner, no cause of action exists against him under section 311.310, RSMo 2000. *See Id.* at 654–55 (citing *Harriman,* 697 S.W.2d at 223). Thus, the legislative intent being to shield persons such as Mr. Peters who purchase intoxicants for minors, the trial court was correct in dismissing the plaintiffs' cause of action.

The judgment is affirmed.

HOLLIGER, P.J. and SMITH, J., concur.