Steve **RITCHIE** and Anita Ritchie, Appellants,

v.

Kelly **GOODMAN**, Jeremy Shumard, Frank Shumard, Jr., Sue Shumard, Danny W. Mers, and John Does 1 through 5, Respondents.

No. 26429.

Missouri Court of Appeals,
Southern District,
Division Two.

March 21, 2005.

Motion for Rehearing or Transfer
Denied April 13, 2005.

Application for Transfer Denied
May 31, 2005.

Glenn R. Gulick, Jr., Joplin, for appellants.

David P. Bub, Brown & James, P.C., St. Louis, for respondents.

ROBERT S. BARNEY, Judge.

Steve and Anita Ritchie ("Appellants") appeal from the trial court's order and judgment sustaining Respondents Jeremy Shumard, Frank Shumard, Jr., and Sue Shumard's (collectively "Respondents") motion to dismiss Appellants' petition for the wrongful death of their daughter, Kelsey Ritchie ("Kelsey"). § 537.080.[1] In their petition, Appellants premised Respondents' liability upon their ownership of certain property where a group of minors became intoxicated at a party, which ultimately resulted in Kelsey's death in an automobile accident involving several of these minors. Appellants now bring three points of trial court error, discussed more fully below, based upon the trial court's determination that Appellants' petition failed to state a claim upon which relief could be granted.[2] We affirm the decision of the trial court.

Treating all facts alleged by the petition as true, *Anderson v. Vill. of Jacksonville*, 103 S.W.3d 190, 193 (Mo.App.2003), the record reveals that on the evening of March 23, 2001, Respondent Jeremy Shumard ("Jeremy"), held a party at the home of his parents, Respondents Frank Shu-

---

1. Unless otherwise specified, all statutory references are to RSMo 2000 and Rules references are to Missouri Court Rules (2004).

2. We note that in its order and judgment the trial court acknowledged that Appellants had dismissed their cause of action against the other named defendants, John Does 1 through 5 and Kelly Goodman. The record also shows that the trial court had previously sustained Appellants' motion for a voluntary nonsuit against Defendant Danny W. Mers.

mard, Jr. and Sue Shumard (the "Shumards"). Those in attendance at the party included, among others, eighteen-year-old Adam Tomblin ("Tomblin"); seventeen-year-old Toby Waters ("Waters"); eighteen-year-old Noah Heath ("Heath"); eighteen-year-old Aaron Anderson ("Anderson"); seventeen-year-old Kelsey; and, sixteen-year-old Anna Isles ("Anna"). The majority of those attending the party were high school students and none of them were over twenty-one years of age.

Prior to that evening's party, several of the minors collected money from their friends and obtained a keg of beer, which they set up in the Shumards' backyard near a shed. On that evening, in addition to consuming beer from the keg, the party goers built a bonfire, which they ran through and danced around; passed around a bottle of vodka; and, listened to music.

At some point in the evening, Anderson, Heath, Anna, and Kelsey left Respondents' residence, at the behest of Anderson, and traveled in Heath's Ford Mustang. Heath operated the automobile and Anderson was in the passenger seat. The two young ladies were in the back seat. About a mile from Respondents' house, Anderson asked Heath to stop the vehicle so that he could urinate. Heath pulled the vehicle to the right hand side of the roadway and parked. The two boys exited the vehicle and the girls remained inside. According to Anderson, he and Heath decided to remain stopped in the roadway to wait for Tomblin and Waters, who they knew would be coming along soon in Tomblin's vehicle.

Moments later, Tomblin, driving his Honda Accord with Waters in the passenger seat, left Respondents' party and started traveling in the direction in which Heath had driven. Shortly thereafter, Tomblin, who was legally intoxicated and driving at a speed of approximately 82 miles per hour, crested a hill and struck the rear end of Heath's parked vehicle. As a result of the collision, both Anna and Kelsey were pronounced dead at the scene of the accident; Tomblin, Anderson, Waters, and Heath suffered serious injuries.

Appellants' petition does not set out specific counts against Respondents. It appears they premised Respondents' liability upon three separate but related theories. First, as best we discern, Appellants assert a public policy argument which would extend joint liability to social hosts who provide alcoholic beverages to minors. Based on the fact that Respondents provided alcoholic beverages to the minors in the present matter, Appellants allege that "it was reasonably foreseeable to [Respondents] that those minors would then negligently operate motor vehicles upon public highways while under the influence of said liquor," and that such negligence directly contributed to cause the motor vehicle collision that resulted in Kelsey's death. Second, Appellants posited that Respondents were "negligent in failing to supervise the minors attending the party upon their premises" in that the minors, who were visibly intoxicated, "expressed the intention of leaving the party in automobiles" and Respondents' failure to prevent them from leaving resulted in the automobile collision which caused Kelsey's death. Third, Appellants asserted Respondents were liable under the principles set forth in the RESTATEMENT (SECOND) OF TORTS § 318 (1965) for the conduct of the various minors that attended the party at their home.

In their motion to dismiss, Respondents asserted Appellants' petition failed to state a claim upon which relief could be granted under Rule 55.27(a)(6), due to the fact that, inter alia, the State of Missouri does not impose civil liability upon social hosts. Furthermore, Respondents maintained that their actions or inactions did not constitute the proximate cause or the cause-

in-fact of Kelsey's death. Additionally, Respondents maintained they had no duty to Kelsey upon which Appellants could premise liability under section 318 of the Restatement. The trial court sustained Respondents' motion and dismissed Appellants' petition. This appeal followed.[3]

"In determining if a petition states a cause of action, all facts that are properly pleaded and all reasonable inferences that may be drawn therefrom are taken as true." *Smith v. Gregg,* 946 S.W.2d 807, 809 (Mo.App.1997). "If facts essential to recovery are not pleaded, the dismissal will be affirmed." *Id.*

As best we discern Appellants' first point, they maintain the trial court erred in dismissing their petition because they properly asserted a cause of action against Respondents arising from "the public policy and common law of the State of Missouri" which provides that social hosts, such as Respondents, who allow minors to drink alcohol on their property and then operate motor vehicles, "should be jointly liable for the negligence of the minors in the use and operation of the motor vehicles."

In *Harriman v. Smith,* 697 S.W.2d 219, 221 (Mo.App.1985), the Eastern District of this Court recognized that there was a common law prohibition against imposing civil liability on social hosts for damages related to a guest's consumption of alcoholic beverages. Further, the *Harriman* court explained that social guests occupy the status of a licensee while customers of a tavern owner are business invitees; accordingly, a tavern owner has a higher duty of care than a social host. *Id.*

We also note that in *Andres v. Alpha Kappa Lambda Fraternity,* 730 S.W.2d

547 (Mo. banc 1987), the parents of a local fraternity member who died from acute alcohol intoxication brought a wrongful death petition against the local and national fraternities based upon a social host theory, because the local fraternity had provided alcohol to their deceased minor son. *Id.* at 548. In reversing an award of damages by a jury, the Supreme Court of Missouri reaffirmed the Western District of this Court in its determination that neither principles of common law negligence nor any statutes enacted by the Missouri legislature, in particular section 311.310, imposed a duty upon *social hosts* to abstain from furnishing alcoholic beverages to individuals under twenty-one years of age.[4] *Id.* at 553. Persuaded by the correctness of the *Harriman* holding, the *Andres* court explained that:

> imposing liability upon social hosts would have 'a substantial impact on everyday social and family affairs' and therefore the parameters of any duty imposed on social hosts should be determined by the legislature. Moreover, unlike commercial vendors, social hosts do not realize any pecuniary gain from the furnishing of alcoholic beverages and for this reason they likewise have no incentive to encourage excessive consumption. In addition, the typical social host lacks the expertise required to evaluate the quantity of alcohol a guest can safely consume. Lastly, commercial vendors are able to insure themselves against the risks of furnishing alcoholic beverages while such protection is not presently available to social hosts.

*Id.* at 553 (quoting *Harriman,* 697 S.W.2d at 221). Accordingly, the *Andres* court held, "it does not necessarily follow that

---

**3.** Respondents' "Motion to Strike Plaintiffs' Statement of Facts" is denied.

**4.** "Section 311.310 [RSMo 1986], prohibit[ed] the sale or providing of alcoholic beverages to individuals under twenty-one years old." *Andres,* 730 S.W.2d at 548 n. 3.

civil liability can be imposed though there may have been a violation of the criminal statute." *Id.* at 550.

■■■ We also observe that in the argument portion of their brief Appellants attempt to extend the application of section 537.053, in conjunction with section 302.505 (the so-called "zero tolerance" law as it pertains to minors), to support their claim against Respondents.[5] We decline the invitation to enlarge the application of these statutes. "[S]ection 537.053, RSMo 2000, expresses a legislative intent to shield *purveyors* of intoxicants from liability for the injuries caused by their *patrons* with the exception of persons licensed to sell intoxicating liquor by the drink for consumption on the premises who sell to minors." *Gabelsberger v. J.H.*, 133 S.W.3d 181, 186 (Mo.App.2004) (emphasis added). Here, Respondents are not "purveyors of intoxicants" and no cause of action exists against them under section 537.053. *Id.; Lambing v. Southland Corp.*, 739 S.W.2d 717, 719–20 (Mo. banc 1987). Furthermore, nowhere in section 302.505 is there a legislative expression imposing any civil liability on anyone *providing intoxicants* to a minor.[6] Missouri simply does not recognize the theory that a social host is civilly liable. *See Andres*, 730 S.W.2d at 553. While we acknowledge this Court's power to modify the common law we are not prepared to rule contrary to the evolving case law in this area. *Lambing*, 739 S.W.2d at 718. As we see it, the legislature is better equipped to pronounce public policy relating to the consumption of alcoholic beverages by a minor in a social host setting. *See Harriman*, 697 S.W.2d at 221–22. Accordingly, we determine Appellants' petition did not state a legally recognizable cause of action and was properly dismissed by the trial court. *See Gabelsberger*, 133 S.W.3d at 185. Point One is denied.

In their second point on appeal, Appellants assert the trial court erred in dismissing their claim of negligent supervision against Respondents. According to Appellants, their petition properly alleged that Respondents "negligently supervised the minors in attendance when said minors became visibly impaired from consumption of alcohol, [and] expressed the prior intention to leave the premises by motor vehicle, [and] did leave the premises by motor vehicle, and such negligent supervision contributed to cause the collision and the resulting death of Kelsey Ritchie."

■■■ "Negligent supervision, like any other tort, involves a breach of a duty defendant owes plaintiff which causes

---

5. Section 537.053.2 also sets out that:

> The legislature hereby declares that this section shall be interpreted so that the holdings in cases such as *Carver v. Schafer*, 647 S.W.2d 570 (Mo.App.1983); *Sampson v. W.F. Enterprises*, 611 S.W.2d 333 (Mo.App. 1980) and *Nesbitt v. Westport Square, Ltd.*, 624 S.W.2d 519 (Mo.App.1981) be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages, rather than the furnishing of alcoholic beverages, to be the proximate cause of injuries inflicted upon another by an intoxicated person.

Section 302.505.1, in pertinent part, provides for the suspension or revocation of the license of any person:

> less than twenty-one years of age when stopped and was stopped upon probable cause to believe such person was driving while intoxicated ... with excessive blood alcohol content ... or upon probable cause to believe such person violated a state, county or municipal traffic offense and such person was driving with a blood alcohol content of two-hundredths of one percent or more by weight.

6. "Our responsibility is to 'determine the legislative intent from what the legislature said and not from what we think the legislature intended to say or inadvertently failed to say.'" *Andres*, 730 S.W.2d at 552 (quoting *Gray v. Wallace*, 319 S.W.2d 582, 585 (Mo. 1958)).

plaintiff to suffer damages." *Smith*, 946 S.W.2d at 809. "To be liable for negligence there must have been (1) a duty for the defendant to have protected plaintiff from an injury; (2) the defendant's failure to perform the duty; and (3) injury to plaintiff as a result of that failure." *Id.*

This contention by Appellants is disposed of by this Court's holding in *Smith*. In *Smith*, the defendants were hosts for a graduation party that extended into the morning hours. *Id.* at 809. A keg of beer was supplied for which guests paid $3.00 each and another type of alcoholic beverage was supplied for the guests' consumption. *Id.* Most of the guests were under 21, including two of the three party hosts. *Id.* One of the hosts, defendant Gregg, while in an intoxicated state, assaulted one of the guests and the victim sued all of the party hosts. *Id.* Among plaintiff's contention was that defendant Cato, the owner of the residence where the party was held, failed to supervise the party to insure that alcohol was not served to minors and also failed to undertake any act to supervise the conduct of the other defendants or the guests at the party. *Smith*, 946 S.W.2d at 809. Affirming the trial court's dismissal of plaintiff's negligence claims, including that of negligent supervision, this Court noted that, based on *Andres*, "there is no civil cause of action against social hosts for providing alcohol to minor guests." *Id.* at 811; *see also Andres*, 730 S.W.2d at 553. Accordingly, we held that:

> [t]o the extent plaintiff's petition attempts to allege negligence based on

failure to supervise the party to insure alcoholic beverages were not served to minors and supplying liquor to minors, it is deficient in that, as a matter of law, this petition fails to plead facts that demonstrate existence of a duty that would support an action for negligence. *Id.* at 812. Point denied.

■ In their third point on appeal, which is similar to their second point, Appellants premise error upon the trial court's dismissal of their cause of action against Respondents based on section 318 of the Restatement of Torts.[7] Appellants maintain Respondents knew or had reason to know they had the ability to control the minors by taking away their car keys or not permitting them to leave the party; that Respondents "knew or should have known of the necessity and opportunity for exercising such control;" that the intoxicated minors leaving the party in their automobiles "created an unreasonable risk of bodily harm to Kelsey Ritchie and others;" and, that such negligence on the part of Respondents contributed to causing Kelsey's death.

It has been stated that "[p]ublic policy in Missouri is that it is the consumption and not the furnishing of alcoholic beverages that is the proximate cause of injuries inflicted by intoxicated persons." *McClure v. McIntosh*, 770 S.W.2d 406, 408 (Mo.App. 1989), § 537.053.1, RSMo 1986. As ably set out by Respondents, we observe that section 318 addresses the issue of whether or not a special relationship exists, and

---

7. Section 318 states:
    If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor:

    (a) knows or has reason to know that he has the ability to control the third person, and

    (b) knows or should know of the necessity and opportunity for exercising such control.

    RESTATEMENT (SECOND) OF TORTS § 318 (1965).

hence a "duty," in regard to a negligence-based cause of action. Accordingly, even if section 318 could be said to have imposed a duty upon Respondents, Appellants still cannot establish the causation element required in order to assert a negligence-based claim against Respondents. As case law clearly sets out, based on the common law, it was the *consumption* of alcoholic beverages by Heath and Tomblin and not the *furnishing* of the alcoholic beverages to them by Respondents that was the proximate cause of the untimely death of Kelsey and Anna. *Leimkuehler v. Myers,* 780 S.W.2d 653, 654 (Mo.App. 1989);[8] *Gabelsberger,* 133 S.W.3d 181, 185 (Mo.App.2004); *see also* § 537.053. Given the foregoing policy pronouncements as set out in the cases cited in this opinion, and particularly the disposition of our Supreme Court in *Andres,* we will not extend the provisions of section 318 so as to furnish a basis for assertion of a negligence claim against Respondents. *See Andres,* 730 S.W.2d at 553. Point denied.

The judgment is affirmed.

PARRISH, P.J., and SHRUM, J., concur.

8. In pertinent part, *Leimkuehler,* involved a suit by a plaintiff passenger against an intoxicated minor driver and another passenger, who had purchased alcoholic beverages from a defendant liquor store and had then given the alcohol to the minor driver. *Leimkuehler,* 780 S.W.2d at 654. The intoxicated minor driver drove off the traveled portion of the road and overturned, seriously injuring the plaintiff. *Id.* In affirming the trial court's dismissal of the case due to plaintiff's failure to state a cause of action, the Western District of this Court relied on the *Harriman* pronouncement that "no cause of action existed at common law against one who furnished, by sale or gift, intoxicating liquor to a person

who became voluntarily intoxicated and thereafter injured another." *Leimkuehler,* 780 S.W.2d at 654. The appellate court also noted that the "common law theory was that the consumption of alcohol, and not the supplying thereof, was the proximate cause of injury." *Id.* Accordingly, the *Leimkuehler* court held that it was the "consumption [by the minor driver] of intoxicating beverage[s] and his voluntary intoxication which was the proximate cause of the injury suffered by [plaintiff] and not the supplying of such beverage to [minor driver by co-defendant passenger]," thereby precluding a cause of action by plaintiff against defendants. *Id.*